459 So.2d 337 (1984)
Dale Ray MURPHY, Etc., Appellant,
v.
STATE of Florida, Appellee.
Nos. 83-1660, 83-1662.
District Court of Appeal of Florida, Fifth District.
October 18, 1984.
Rehearing Denied November 26, 1984.
*338 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant was sentenced to two concurrent five year terms for two separate charges of sale and delivery of cannabis. He later moved to correct the sentences arguing that he should have been sentenced under the new sentencing guidelines, Florida Rule of Criminal Procedure 3.701. The motion was granted, the sentences set aside, and a new sentencing hearing held.
At this hearing, a scoresheet was presented which recommended any non-state prison sanction. Defense counsel pointed out that in each case, the marijuana involved was worth approximately $20.00. The trial court noted that a videotape introduced into evidence at the jury trial revealed that appellant was running a drug business in the parking lot of a convenience store; that he had scouts who would approach cars which entered the parking lot and if these "salesmen" succeeded in attracting a customer, appellant made the sale. The court sentenced appellant to concurrent five year sentences on each charge.
Appellant maintains that the court erred in departing from the recommended guidelines in sentencing him. Florida Rule of Criminal Procedure 3.701(d)(11) provided at the time of appellant's sentencing:[1]
Departures from the guideline sentence: Departures from the presumptive sentence should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. Any sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained. (emphasis added)
Appellant claims that in light of the language contained in the last sentence, the sentencing judge was not permitted to consider the circumstances of the offense before him in deviating from the guidelines. This contention is without merit. The comment following (d)(11) provides as follows:
Recognizing the relative uniqueness of each criminal case, the commission elected not to include a list of factors which may be cited in aggravation or mitigation. Because the reasons for departure delineated by the sentencing judge are the primary source of information available to update the guidelines, it is extremely important that care should be taken in citing the circumstances used to aggravate or mitigate the presumptive sentence.
By this comment, the Commission indicated that the sentencing judge can indeed consider the "uniqueness of each criminal case" in deviating from the guidelines.
The language of the statement of purpose contained in Florida Rule of Criminal Procedure 3.701(b) follows:
3. The penalty imposed should be commensurate with the severity of the *339 convicted offense and the circumstances surrounding the offense.
While the statement of 3.701(d)(11) reads:
Reasons for deviating from the guidelines shall not include factors relating to either the instant offense or prior arrests for which convictions have not been obtained.
The above leads to an anomalous argument. Are circumstances surrounding a crime different than factors relating to a crime? If the court cannot consider a prior arrest for which a conviction was not obtained, how then can it consider conduct for which not even an arrest was obtained?
The rule makes it clear that the guidelines are not intended to usurp judicial discretion in sentencing. Fla.R.Crim.P. 3.701(b)(6). Departure from the guidelines does not result in a greater penalty than permitted by law, it only permits imposition of any sentence prescribed by the applicable statute when the severity of the convicted offense and the circumstances surrounding the offense render the guideline sentence inappropriate. Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984); Garcia and Wilson v. State, 454 So.2d 714 (Fla. 1st DCA 1984).
The evidence presented to the jury made it clear that these were not casual sales, but a well organized operation, so the trial court was justified in considering these sales, and defendant's method of operation and concluding from those facts that a non-prison sanction was not in the public interest. The court's consideration of the method of appellant's operation in the two cases for which he was charged does not require, nor did it include, consideration of any other offense for which appellant was not charged, or for which he might have been acquitted.
We have recently held that because the sentencing guidelines do not articulate a specific list of reasons to which the trial court must adhere in order to depart from the recommended guideline sentence, the standard for appellate review in considering a departure is abuse of discretion. Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984). The traditional discretion of a sentencing court to consider all the facts and circumstances surrounding the criminal conduct of the accused has not been abrogated by adoption of the sentencing guidelines. Garcia v. State.
AFFIRMED.
ORFINGER and SHARP, JJ., concur.
NOTES
[1] See amendments to rule, The Florida Bar: Amendments to Rule of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984).