464 So.2d 1324 (1985)
Walter Allen RYDER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-748.
District Court of Appeal of Florida, Fifth District.
March 14, 1985.
James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This is another case involving a departure from a guideline sentence.
Appellant robbed a bank telling the teller "I'm a desperate man  Get me the money  This is a holdup." Appellant pled guilty to robbery (§ 812.13(1), Fla. Stat.), not armed robbery (§ 812.13(2)(a) or (b), Fla. Stat.). The recommended guideline *1325 sentence was "any non-state prison sanction." The trial court stated, "I'm convinced that you said something [to the teller], even if you said `this is a holdup' or whatever. It implies that you have a weapon  I'm going to aggravate on the basis of that... ." The trial court imposed a departure sentence of thirty months imprisonment.
When a robber says "this is a holdup" without brandishing a weapon, there is some implication that the robber has a weapon or other means of applying violence. That implication is the very purpose of making that statement. The crime of robbery itself requires a taking by "force, violence, assault or putting in fear." One cannot commit a simple (unarmed) robbery without at least making an assault [a threat to do violence coupled with an apparent ability to do so (§ 784.011(1), Fla. Stat.)], or inducing fear in some manner. All robberies involve the possibility of harm to someone, the victim, the robber or third persons. That is the very reason robbery is an offense against the public. Appellant did not actually use force or violence but only implied its possibility. As robberies go, this was a less dangerous and hence less atrocious type of unarmed robbery. There is absolutely no evidence that appellant "carried" a weapon or firearm at the time of the robbery (see § 812.13(2)(a) and (b), Fla. Stat.). Appellant's assertion at sentencing that he did not carry a weapon was unchallenged. Robbers commonly merely imply the possession of a weapon in order to bolster their threat. That implication cannot amount to proof of the possession. The sentencing guidelines rules and statutes require clear and convincing proof of possession of a weapon  mere implication does not meet that standard. Accordingly, the implication alone is not a sufficient "clear and convincing" reason for departure from the guideline sentence for an unarmed robbery.
We reverse because we must follow the law that is binding on us, but our action does not imply that we believe sentencing judges should not have the discretion to sentence an unarmed robber to prison. Those with more authority, not we, have made that decision. See § 921.001, Fla. Stat. and Fla.R.Crim.P. 3.701 and the sentencing guidelines adopted by the Florida Supreme Court in Form 3.988.
The sentence is vacated and this case remanded for resentencing.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.