475 So.2d 1004 (1985)
Steven Earl MAY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1853.
District Court of Appeal of Florida, Fifth District.
September 19, 1985.
*1005 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
To correct a clerical error, the words "without a deadly weapon" are stricken from appellant's judgment and sentence which are hereby amended to show that, as to count one of the information against him, he pled guilty and was adjudicated and sentenced as to the offense of aggravated assault, a violation of section 784.021(1)(a), Florida Statutes. As amended the judgment and sentence are affirmed.
The trial judge did not abuse his discretion in departing from the recommended guideline sentence for the reason that appellant's prior criminal record showed an ever increasing pattern of more serious offenses and that appellant's actions endangered several persons. See Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984); Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984); Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984). An escalating pattern of more serious offenses is not a factor scored under the guidelines and constitutes a proper reason for departure, as does the finding that the defendant's actions endangered several persons. Cf. Hendrix v. State, 475 So.2d 1218 (Fla. 1985) (where factors scored under the guidelines were also used as reasons supporting departure).
Presentence jail time credit is not required on each of concurrent sentences for identical terms of imprisonment. See Green v. State, 450 So.2d 1275 (Fla. 5th DCA 1984); Amlotte v. State, 435 So.2d 249 (Fla. 5th DCA 1983), affirmed on other grounds, 456 So.2d 448 (Fla. 1984); Fenn v. State, 418 So.2d 286 (Fla. 5th DCA 1982).
AFFIRMED.
COBB, C.J., and ORFINGER and COWART, JJ., concur.