480 So.2d 663 (1985)
John SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 85-845.
District Court of Appeal of Florida, Fifth District.
November 29, 1985.
Rehearing Denied January 3, 1986.
*664 Thomas C. Greene, Sanford, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
Appellant, John Smith, timely appeals from a sentence of fifteen years in prison for unlawful possession of cocaine with intent to sell or deliver, in violation of section 893.13(1)(a)1, Florida Statutes (1983). This sentence was a departure from the guidelines and constituted the maximum term provided by law. All the relevant facts are contained in the trial judge's order explaining his reasons for departure. The order reads as follows:
The Defendant in this case is before the Court for sentencing. The sentencing guidelines score sheet prepared on the Defendant shows a total point score of 77, which in this case would provide a guidelines sentence of community control or 12-30 months incarceration.
The purpose of this order is to articulate the reasons for deviating from the guidelines.
The Defendant was convicted by a jury of the crime of unlawful possession with intent to sell or deliver cocaine. This Defendant made a sale of cocaine to an undercover police officer for the sum of $50.00. One look at his criminal record, dating back to 1969 as a juvenile, is sufficient to convince one that this individual is incapable of living in a free society without violating the laws of that society. His record for offenses has escalated through the years, and in 1979 he was sentenced to five years for sale of a controlled substance. This did not convince him that he could not deal in drugs and escape the wrath of society. A sentence within the guidelines range would be unconscionable and this Court, therefore, finds and determines that it is necessary to go outside the guidelines and impose a sentence accordingly.
As we read the order, the trial judge's departure primarily was based on an escalating pattern of more serious offenses. See May v. State, 475 So.2d 1004 (Fla. 5th DCA 1985). The PSI in the record supports that finding. We consider the reference in the order to the prior record as merely ancillary to the escalation finding, not as a separate and invalid reason for departure under Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Even if we were to consider that the trial court had included an invalid reason for departure (the defendant's prior scored record), we would still find, beyond a reasonable doubt, that without consideration of the invalid reason the trial judge would have departed in this *665 case. See Albritton v. State, 476 So.2d 158 (Fla. 1985).
The second facet of Albritton, however, requires reversal. The defendant's guideline score in this case placed him in the second cell. The departure sentence jumped to the ninth cell. We find the extent of this departure an abuse of discretion, and remand for resentencing within the fourth cell.
Accordingly, we affirm the trial court's departure from the guidelines, but reverse the extent of that departure.
AFFIRMED in part; REVERSED in part; and REMANDED.
UPCHURCH and SHARP, JJ., concur.