SHARP, Judge.
This is an appeal from a conviction and sentencing for sexual battery[1] and false imprisonment.[2] There is sufficient evidence in the record to support the trial court’s denial of appellant’s motion for judgment of acquittal, and as to this point we affirm. However, the “departure” sentence [3] imposed in this case must be vacated.
Appellant contends his sentence was enhanced for legally impermissible reasons. The trial court filed a seven-page document detailing numerous reasons for enhancing appellant’s sentence. Several of the reasons given have been held to be invalid justification for deviating from the sentencing guidelines.[4] When both valid and invalid reasons are relied upon by a trial court to enhance a defendant’s sentence, an appellate court must reverse unless it is convinced beyond a reasonable doubt that the trial judge’s sentence was not affected by the invalid reasons.[5] Here, that burden is not met. We therefore vacate the sentence and remand for resentencing.
VACATE SENTENCE AND REMAND.
COBB, C.J., and ORFINGER, J., concur.

. § 794.011(3), Fla.Stat. (1983).

. § 775.082(3)(d), Fla.Stat. (1983).

. Fla.R.Crim.P. 3.701(d)(ll).

. Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA 1985); Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984).

. Albritton v. State, 476 So.2d 158 (Fla.1985); State v. Young, 475 So.2d 699 (Fla.1985).