SHARP, Judge.
Dirk appeals from his convictions and sentences for burglary with an assault,[1] robbery,[2] sexual battery with threat or violence likely to cause personal injury,[3] bat *266 tery on a law enforcement officer,[4] and burglary.[5] The criminal charges were prosecuted in three separate proceedings, but the same trial judge sentenced appellant for all convictions at the same sentencing hearing, using one “scoresheet.”[6] This court, however, consolidated the appeals because they have the same sentencing defects, which require reversal. We affirm the convictions.
The trial court gave the same list of fifteen reasons for departing from the presumptive sentence range in these cases.[7] Several of the reasons are legally insufficient.[8] When both valid and invalid reasons are relied upon by a trial court for going outside the sentencing guidelines, an appellate court must reverse unless it is convinced beyond a reasonable doubt that the sentence was not affected by the invalid reasons.[9] Here, that test has not been met.
AFFIRMED IN PART; REVERSED IN PART.
COBB, C.J., and ORFINGER, J., concur.

. § 810.02(2)(a), Fla.Stat. (1983), case no. 85-407.

. § 812.13(2)(c), Fla.Stat. (1983), case no. 85-407.

. § 794.011(4)(b), Fla.Stat. (1983), case no. 85-407.

. §§ 784.03, 784.07(1) and (2)(b), Fla.Stat. (1983), case no. 85-403.

. § 810.02(1), Fla.Stat. (1983), case no. 85-256.

. Fla.R.Crim.P. 3.701.d.1. Although no score-sheet is in the record afforded us, the parties agree that one was prepared and discussed at sentencing.

. The trial judge said the presumptive guideline sentence was between 5 and 7½ years, although this was perhaps erroneously based on the burglary rather than the sexual battery grid. In any event, he departed by sentencing Dirk to consecutive sentences of life, 30 years, 15 years (case no. 85-407), and two 5 year consecutive sentences (case nos. 85-256 and 85-403).

. Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984), approved, 476 So.2d 165 (Fla.1985); Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985); Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984).

. Albritton v. State, 476 So.2d 158 (Fla.1985); State v. Young, 476 So.2d 161 (Fla.1985).