483 So.2d 754 (1986)
Leroy Norman MULLEN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 85-706.
District Court of Appeal of Florida, Fifth District.
January 30, 1986.
Rehearing Denied March 7, 1986.
*755 James B. Gibson, Public Defender and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
UPCHURCH, Judge.
Mullen appeals from a conviction and sentence for unlawful possession of cocaine with intent to sell or deliver in violation of section 893.13(1)(a)(1), Florida Statutes (1983). As to the first two points raised on appeal, we conclude there was no harmful error because the evidence of guilt was overwhelming. The third point questions whether the court erred in departing from the sentencing guidelines. We find no error in the departure itself but reverse due to the extent of the departure.
The recommended sentence under the guidelines was "any non-state prison sanction" but the court departed nine cells upward and sentenced Mullen to fifteen years imprisonment. The court's written reasons can be summarized as follows:
1) the defendant is a bona fide cocaine and drug dealer because there was a secret compartment in the vehicle used to transport cocaine and the substance found in this compartment was 13.8 grams of 80% pure cocaine;
2) the defendant has a history of drugs as evidenced by his prior convictions;
3) the defendant has been continually active for some time and supports his family by the sale of cocaine.
We find that no error exists as to the first reason for departure which focuses on Mullen's status as a drug dealer, the method used to transport the drugs, and the amount of drugs involved. A defendant's status as a drug dealer can be used as the basis for departure if based upon facts revealed at trial. Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984); Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984). The record before us supports the lower court's determination that Mullen was dealing drugs at the time he was arrested. Additionally, the court properly considered the method of transportation since a sentencing court can consider the professional manner in which a crime is committed. Brown v. State, 480 So.2d 225 (Fla. 5th DCA 1985). The quantity of drugs involved in a crime has also been held to be a *756 proper reason for departure even though it is an element of the convicted offense. Benitez v. State, 470 So.2d 734 (Fla. 2d DCA 1985); Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984).
The second reason for departure considers Mullen's prior convictions for drug possession which were too remote in time to be calculated in the scoresheet. Recent decisions by the Florida supreme court authorize trial judges to impose a departure sentence based on convictions not scored in the guidelines due to remoteness. Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Weems v. State, 469 So.2d 128 (Fla. 1985). Mullen's prior convictions could not be used in calculating his scoresheet but are a proper basis for enhancing his sentence.
The third reason for departure is that Mullen "has been continually active for some time and supports his family by the sale of this controlled substance". We need not decide whether it is more reprehensible for a person to engage in criminal activity to support his family as opposed to engaging in the same conduct as a hobby, for entertainment, or for personal gain. We do find that this reason for departure is improper because it is not supported by the record. Ryder v. State, 464 So.2d 1324 (Fla. 5th DCA 1985). This reason is not duplicative of the first reason for departure since it was based on evidence actually presented at trial, whereas here there was insufficient proof to establish that Mullen was a long term seller of drugs, he was unemployed for a long period of time, or he supported his family by this activity. It is clear beyond a reasonable doubt, however, that the trial judge would have departed in this case even without considering this factor. Albritton v. State, 476 So.2d 158 (Fla. 1985).
The final aspect of this case is the extent of the departure. The guidelines score was enhanced from any non-state prison sanction upwards nine cells to fifteen years, the maximum term provided by law. In a recent decision, Smith v. State, 480 So.2d 663 (Fla. 5th DCA 1985), which involved the same crime, initiated in the same county and resulted in a departure of the same magnitude, we held that a departure greater than the fourth cell was improper under Albritton. We likewise find that the court's departure here was an abuse of discretion and remand for resentencing within the fourth cell.
Conviction AFFIRMED; Sentence REVERSED and cause REMANDED for resentencing.
COBB, C.J., and SHARP, J., concur.