486 So.2d 90 (1986)
Robert Michael CAWTHON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-957.
District Court of Appeal of Florida, Fifth District.
April 10, 1986.
*91 James B. Gibson, Public Defender, and Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Cawthon appeals from his conviction and sentence for armed burglary of a dwelling,[1] second degree grand theft,[2] possession of burglary tools,[3] and attempted aggravated assault.[4] He was given a "departure sentence" under the guidelines of twenty-seven years in prison, two brackets up from the presumptive sentence range.[5] We affirm his conviction because we think the witness' evidence at trial concerning the value of the jewelry stolen was sufficient to support the jury's determination it was worth $100.00 or more. However, we agree error occurred concerning the departure sentence.
The trial judge set out the following reasons for departure on the scoresheet:
1. Defendant is an habitual offender whose modus operandi is to burgle residences and steal jewelry.
2. Def. is poor prospect for rehabilitation given his numerous contacts with the criminal courts and his absconding *92 from the New Jersey parole authorities.
3. Def. has served penal time in the past for burglaries and thefts and has continued to commit these type of offenses.
4. Def. acted in reckless disregard for the safety of innocent people, including minors, by displaying and threatening to use a weapon; which is also an escalating of severity in his criminal activities.
The first three reasons are not sufficient grounds to justify a departure, in our view, to the extent they are based on Cawthon's prior criminal record, for which he received a bonus of 121 points. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). His status as a habitual offender pursuant to section 775.084 was not properly established in the record, as no written notice to appellant was given prior to sentencing, pursuant to section 775.084(3)(b) and no required findings were made by the trial judge pursuant to section 775.084(3)(d).[6]
The final reasons given by the court, use of excessive force, disregard for the safety of multiple victims, and an escalating pattern of criminal activity may be upheld as valid grounds for departure sentences.[7] However, we are unable to conclude, beyond a reasonable doubt, that the trial judge would have given the same sentence had he not relied on invalid as well as valid reasons. Albritton v. State, 476 So.2d 158 (Fla. 1985). Accordingly, we vacate the sentence and remand for resentencing.
AFFIRM; VACATE SENTENCE AND REMAND FOR RESENTENCING.
DAUKSCH and UPCHURCH, JJ., concur.
NOTES
[1] § 810.02(2), Fla. Stat. (1983).
[2] § 812.014, Fla. Stat. (1983).
[3] § 810.06, Fla. Stat. (1983).
[4] §§ 784.021(1)(a) & 777.04(1), Fla. Stat. (1983).
[5] Fla.R.Crim.P. 3.701(d)(11).
[6] Holt v. State, 472 So.2d 551 (Fla. 1st DCA 1985).
[7] See Roberson v. State, 483 So.2d 528 (Fla. 5th DCA 1986); Smith v. State, 480 So.2d 663 (Fla. 5th DCA 1985); Scurry v. State, 472 So.2d 779 (Fla. 1st DCA 1985); Sloan v. State, 472 So.2d 488 (Fla.2d DCA 1984); Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984).