489 So.2d 1163 (1986)
Randy Scott DEGROAT, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1313.
District Court of Appeal of Florida, Fifth District.
May 15, 1986.
Rehearing Denied June 17, 1986.
*1164 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Degroat appeals his sentence of five years for the theft of an automobile,[1] a third degree felony. The presumptive sentence range under the guidelines was community control or twelve to thirty months incarceration. The imposed sentence was a departure three brackets above the presumptive sentence, and was the maximum possible under the Florida Statutes for this crime.[2]
The trial judge gave as his reasons for the sentence:
1. Pattern of conduct established by the defendant of taking automobiles and driving them long distances over a period of time from his days as a juvenile through adult. Previous incarceration at State level did not deter this pattern of conduct.
2. Defendant needs drug, alcohol [sic] treatment that can only be accomplished in the secure setting of the DOC. Local drug treatment programs would be ineffective in this case.
3. Court systems must intervene and break this chain of conduct by extensive incarceration above second cell treatment.
The third reason given appears duplicative of the other two and the second reason has been held insufficient to serve as the basis for a departure sentence under the guidelines. See Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984), aff'd, 476 So.2d 161 (Fla. 1985); Vance v. State, 475 So.2d 1362 (Fla. 5th DCA 1985). However, an escalating pattern of similar criminal conduct may justify the imposition of an aggravated sentence. May v. State, 475 So.2d 1004 (Fla. 5th DCA 1985), review denied, 484 So.2d 9 (Fla. 1986).
In this case, some of Degroat's criminal record of theft, auto theft, and various driving violations was not scored because the crimes were committed while he was a juvenile.[3] Upon becoming an adult, Degroat continued to commit and receive criminal sanctions for crimes relating to alcohol and drug abuse and driving violations, car theft and robbery. In 1984, he was adjudicated guilty of possessing stolen property, possessing burglary tools, possession of marijuana, and DWI felony. Since 1973, Degroat received almost every alternative sentence available to a long prison term including fines, suspended commitment, probation, DUI school, supervised probation, community service, and short term county jail sentences.
Based on appellant's record in this case, exclusive of factors scored in the scoresheet, we do not think the trial judge abused his discretion in imposing an aggravated sentence, and we think the state has shown beyond a reasonable doubt that the absence of the second and third reasons *1165 would not have affected the sentence given in this case. See Albritton v. State, 476 So.2d 158 (Fla. 1985).
AFFIRMED.
UPCHURCH, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
Hendrix v. State, 475 So.2d 1218 (Fla. 1985), enunciated the principle that a factor weighed and scored in formulating a recommended guideline sentence is an improper reason upon which to base a departure sentence and that, specifically, because a defendant's prior criminal record is factored into the guideline sentence that record cannot support a departure sentence. Upon further consideration of May v. State, 475 So.2d 1004 (Fla. 5th DCA 1985), it would appear that the mere fact that the defendant's prior criminal record can be viewed or described as forming some "pattern of conduct" or "escalating pattern of more serious offenses" cannot be relied on to avoid the reasoning in Hendrix.[1]
Judicial experience, perception, judgment, conscience, and discretion, as well as sentencing factors and objectives are, or should be, sufficiently varied that, in the absence of a sure and certain pre-pronouncement commitment by the sentencing judge, the particular sentence that will be imposed, when based solely on proper factors, cannot be foreseen "beyond a reasonable doubt." If it can be so surely foreseen, then the sentencing hearing, with its opportunity for allocution and presentation of mitigating and extenuating circumstances existing at a sentencing where only correct reasons for departure are considered, is a farce and a charade. Appellate courts should not guess at what a particular sentencing judge might do at any particular sentencing or resentencing where only permissible reasons for departure are to be considered. See Brown v. State, 481 So.2d 1271 (Fla. 5th DCA 1986). See also Hankey v. State, 485 So.2d 827 (Fla. 1986), where the supreme court did not undertake to guess at what the trial court would do on resentencing. It would be better to uphold departure sentences based on one valid reason; however, under Albritton v. State, 476 So.2d 158 (Fla. 1985), sentences based on one or more invalid reasons should be vacated and the case remanded for resentencing.[2]
NOTES
[1] § 812.014(2)(b)(4), Fla. Stat. (1983).
[2] § 775.082(3)(d), Fla. Stat. (1983).
[3] Fla.R.Crim.P. 3.701.d.5(c).
[1] See also Tillman v. State, 482 So.2d 603 (Fla. 5th DCA 1986); Casteel v. State, 481 So.2d 72 (Fla. 5th DCA 1986) (finding that the defendant's pattern of conduct rendered him a continuing threat to the community was based factually on defendant's prior convictions and on current conviction and was an improper reason for departure).
[2] Only in Mullen v. State, 483 So.2d 754 (Fla. 5th DCA 1986), and Smith v. State, 480 So.2d 663 (Fla. 5th DCA 1985), has this court not remanded for resentencing upon a finding of both valid and invalid reasons. Interestingly, in Mullen and Smith, this court reversed the extent of the trial court's departure even after affirming the departure. The sentencing guideline commission has voted to recommend to the legislature elimination of appellate review of the extent of a valid departure sentence. We have remanded (under Albritton) for resentencing in the following cases: Lee v. State, 486 So.2d 709 (Fla. 5th DCA 1986); Wilson v. State, 490 So.2d 1360 (Fla. 5th DCA April 17, 1986); Cawthon v. State, 486 So.2d 90 (Fla. 5th DCA 1986); Davis v. State, 487 So.2d 1104, (Fla. 5th DCA 1986); Morris v. State, 483 So.2d 525 (Fla. 5th DCA 1986); Smith v. State, 482 So.2d 469 (Fla. 5th DCA 1986); Brown v. State, 481 So.2d 1271 (Fla. 5th DCA 1986); White v. State, 481 So.2d 993 (Fla. 5th DCA 1986); Parker v. State, 481 So.2d 560 (Fla. 5th DCA 1986); State v. Mihocik, 480 So.2d 711 (Fla. 5th DCA 1986); Brown v. State, 480 So.2d 225 (Fla. 5th DCA 1985); Dirk v. State, 479 So.2d 265 (Fla. 5th DCA 1985); Sanchious v. State, 478 So.2d 1191 (Fla. 5th DCA 1985); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985).