SHARP, Judge,
concurring specially.
I agree the sentence in this case should be quashed and the cause remanded for resentencing, and the imposition of costs stricken. The reasons given by the court for the departure sentence in this case *617 might, in my view, be sufficient to sustain a sentence beyond the presumptive sentence range of the guidelines[1] were they adequately supported by the record.
We have held that excessive use of force and victim injury and trauma may justify imposition of a departure sentence, Lerma v. State, 476 So.2d 275 (Fla. 5th DCA 1985). This is not simply a double counting of the necessary elements of crimes already scored in the guidelines matrix. In accomplishing an armed robbery, for example as in this case, it is not necessary to fire a gun five times at the robbery victim and so severely injure him that he nearly dies. Facts and circumstances relating to the manner in which a crime was committed may be a basis to “depart.” See McGouirk v. State, 470 So.2d 31 (Fla. 1st DCA 1985); Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984); Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984).
The problem in this case is that other than the trial judge’s recitation of his reasons to depart, stated orally at sentencing and on the scoresheet, the record on appeal is silent as to how Hubert committed these crimes, and what injuries his victim suffered. Clearly the record must sustain and support the reasons for a departure sentence articulated by a trial judge. Mullen v. State, 483 So.2d 754 (Fla. 5th DCA 1986); Wiggins v. State, 476 So.2d 257 (Fla. 4th DCA 1985), review denied, 486 So.2d 598 (Fla.1986); Ryder v. State, 464 So.2d 1324 (Fla. 5th DCA 1984).

. Fla.R.Crim.P. 3.701.