SHARP, Judge.
Floyd appeals his concurrent ten and five year sentences imposed for two burglaries because they are a seven-cell “departure” from the presumptive sentence range of any non-state prison sanction under the guidelines.[1] This is the second time the trial judge has imposed these same sentences. On March 5, 1986, we granted the state’s motion to relinquish jurisdiction for the trial court to reconsider its reasons for departure. The reason the trial judge gave for adhering to the sentences following our remand is that Floyd’s criminal record indicates his criminal behavior is escalating as to the frequency and seriousness of the offenses.
The record shows that since 1980 Floyd has committed more crimes than in the five years prior to that date, and they have progressed from misdemeanors and petit theft to burglaries and aggravated assault. *873 Further, Floyd served time in the Department of Corrections and county jail, which apparently had no deterring effect on his behavior. The presumptive sentence was any nonstate prison sanction.
We affirm the departure sentences as validly based on Floyd’s escalating pattern of criminal behavior[2] and the clear inappropriateness of a nonstate prison sanction to punish or deter in this case. See Riggins v. State, 477 So.2d 663 (Fla. 5th DCA 1985). Further, we find no clear abuse of discretion regarding the extent of the “departure” for the sentences in this case.[3]
AFFIRMED.
UPCHURCH, C.J., concurs.
COWART, J., dissents without opinion.

. Fla.R.Crim.P. 3.701.d.ll.

. See Smith v. State, 480 So.2d 663 (Fla. 5th DCA 1985), review denied, 488 So.2d 69 (Fla.1986); Johnson v. State, 477 So.2d 56 (Fla. 5th DCA 1985), review denied, 486 So.2d 596 (Fla.1986); May v. State, 475 So.2d 1004 (Fla. 5th DCA 1985), review denied, 484 So.2d 9 (Fla.1986).

. Albritton v. State, 476 So.2d 158 (Fla.1985).