504 So.2d 809 (1987)
Jeffrey Alan BRIER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1515.
District Court of Appeal of Florida, Second District.
April 3, 1987.
James Marion Moorman, Public Defender and Joseph Eugene Perrin, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
Appellant appeals his judgment and sentences for two counts of sexual battery, two counts of grand theft, and one count of burglary  all arising out of one criminal episode. His presumptive guidelines sentence of nine to twelve years was enhanced to a seventeen-year prison term on one of the sexual battery counts and concurrent terms ranging from fifteen down to five years on the other counts. Appellant contends that both reasons given by the trial court to justify its departure sentence were improper. We agree in part and reverse for resentencing.
*810 The first reason given for the departure sentence was based on a finding that appellant met the criteria of an habitual offender pursuant to section 775.084, Florida Statutes (1985). Our supreme court has held that a trial court may not depart from the guidelines for that reason. Whitehead v. State, 498 So.2d 863 (Fla. 1986).
The second reason given was that, based on his prior record, appellant's crimes were becoming more violent. The record reveals that prior to the instant charges, appellant was adjudicated a juvenile delinquent in 1974 based on two counts of breaking and entering, and that his adult convictions include a 1979 petit theft, a 1979 burglary of a conveyance, another petit theft in 1982, and a 1983 trespass of an occupied structure. Juxtaposing these convictions with the instant convictions of two counts of grand theft, a burglary, and two counts of sexual battery, we find that this progression meets the standard of an escalating pattern of criminal conduct. Appellant has graduated from crimes against property to violent crimes against persons. The supreme court has recently addressed this issue and determined that such an escalation is a clear and convincing reason to support departure. Keys v. State, 500 So.2d 134 (Fla. 1986).[1]
The state has not met its burden of showing beyond a reasonable doubt that the departure sentence would have been imposed absent the first reason, which we find is improper. Therefore, pursuant to Albritton v. State, 476 So.2d 158 (Fla. 1985), we reverse the sentence and remand for resentencing. Wade v. State, 482 So.2d 346 (Fla. 1986).
The judgment is affirmed; the sentences are reversed and remanded for resentencing.
SCHOONOVER and SANDERLIN, JJ., concur.
NOTES
[1] We note that the trial court's departure reason could also have been affirmed on the basis that it was a qualitative determination (rather than a quantitative one) and thus a circumstance surrounding the offense at sentencing which is not factored into the presumptive sentence. Fabelo v. State, 488 So.2d 915 (Fla. 2d DCA 1986); Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985). See also Smith v. State, 480 So.2d 663 (Fla. 5th DCA 1985); May v. State, 475 So.2d 1004 (Fla. 5th DCA 1985); Johnson v. State, 477 So.2d 56 (Fla. 5th DCA 1985); Riggins v. State, 489 So.2d 180 (Fla. 1st DCA 1986). Compare Frank v. State, 490 So.2d 190 (Fla. 2d DCA 1986) (where a continuing course of various types of battery convictions is a violation of Hendrix v. State, 475 So.2d 1218 (Fla. 1985)).