DANIEL, Judge.
Kenneth Bradshaw appeals the judgments and sentences for five separate charges of unlawful possession with intent to sell a controlled substance (cocaine), a second degree felony. His recommended guidelines sentence was community control or twelve to thirty months incarceration. The defendant was adjudicated guilty and sentenced to two consecutive terms of fifteen years imprisonment and three concurrent terms of fifteen years imprisonment. We affirm the convictions but reverse the sentences and remand the cause for resen-tencing.
In a written order, the trial judge explained his reasons for departure as follows:
The Defendant in this case was tried by this Court on three separate occasions involving these five cases, each charging him with unlawful possession with intent to sell or deliver cocaine. He was found guilty by the jury in each of the cases of the principal offense. The sentencing guidelines score sheet reflects a point total of 84 points which would show a recommended sentence of community control or 12 to 30 months incarceration. The purpose of this Order is to articulate the reasons for deviating from the guidelines.
The Defendant, KENNETH BERNARD BRADSHAW, was shown to be a drug dealer who dealt in the sale and delivery of controlled substances on a large basis. He was a dealer who employed runners and go-betweens to handle the actual deliveries while he stood back and watched. He apparently delighted in his image in the community as a “big man” and even had the words “Bad Brad” painted on the side of his automobile. As was testified to at the trials, Bad Brad was the man to see if you wanted coke. His was the type of operation which would simply grow and grow until he became one of the biggest dealers in the Northeast Florida area. He had demonstrated a complete lack of respect for the laws of a free society, and by his conduct has further shown that a short period of incarceration will not be sufficient to convince him of the error of his ways. His attitude remains surly (he would not even talk with the probation officer). His family attempted to intimidate witnesses in the Courthouse during his second trial, requiring the Court to furnish additional Courthouse security. The pattern of his course of criminal conduct is such that the recommended guidelines range is simply insufficient for society and this individual. Therefore, this Court finds and determines that it is necessary to go outside the guidelines and impose a sentence accordingly.
The defendant argues that the judge’s one long paragraph should be read as several separate reasons for departure, which are all invalid. In the event that this court upholds one or more reasons for departure, the defendant argues that the sentence should still be reversed in light of the ten cell departure, citing Albritton v. State, 476 So.2d 158 (Fla.1985).
In Albritton, the Florida Supreme Court held that, where there are both valid and invalid reasons for departure, the sentence must be reversed unless the state can show beyond a reasonable doubt that the sentence would have been the same without the invalid reasons. The court also held that the extent of the departure is subject to appellate review and that the proper standard of review is whether the trial judge abused his judicial discretion. “An appellate court reviewing a departure sentence should look to the guidelines sentence, the extent of the departure, the reasons given for the departure, and the record to determine if the departure is reasonable.” 476 So.2d at 160.[1] In the present case, the judge’s main reason for departure was the defendant’s status as a drug dealer. The judge’s remark that the defendant’s drug operation would simply *748 grow and grow seems to be an observation of the defendant’s behavior rather than a specific reason for departure. The defendant acknowledges that this court has upheld the defendant’s status as a drug dealer as a valid reason for departure. Mitchell v. State, 509 So.2d 1371 (Fla. 5th DCA 1987); Mullen v. State, 483 So.2d 754 (Fla. 5th DCA 1986). The continuing and persistent pattern of the defendant's criminal activity is likewise a valid reason for departure. See Williams v. State, 504 So.2d 392 (Fla.1987). The judge's statement that the recommended guidelines sentence is insufficient should be merely considered as the judge’s conclusion that departure is necessary based on the valid reasons given in the departure order. See Scott v. State, 508 So.2d 335 (Fla.1987).
However, since the trial judge did not find the defendant responsible for threatening or intimidating witnesses, this is not a valid reason for departure. See Allen v. State, 479 So.2d 257 (Fla. 2d DCA 1985). We have previously held that a defendant’s lack of remorse is not a valid reason for departure. See Roseman v. State, 497 So.2d 986 (Fla. 5th DCA 1986); Dixon v. State, 492 So.2d 410 (Fla. 5th DCA 1986). We likewise hold that the defendant’s surly behavior is not a valid reason for departure.
Although there are both valid and invalid reasons for departure, it appears beyond a reasonable doubt that the trial judge would have departed even in the absence of the invalid reasons because of the judge's emphasis on the defendant’s drug operations. However, in two previous cases involving the same offense and the same departure sentence, this court has held that the extent of departure was an abuse of discretion and remanded for re-sentencing within the fourth cell. See Mullen v. State, 483 So.2d 754 (Fla. 5th DCA 1986) (defendant’s recommended guidelines sentence of any nonstate prison sanction was enhanced to fifteen years imprisonment); Smith v. State, 480 So.2d 663 (Fla. 5th DCA 1985) (defendant’s recommended guidelines sentence was community control or twelve to thirty months incarceration; the defendant was sentenced to fifteen years imprisonment). Accordingly, the defendant’s sentences are reversed and the cause is remanded for resentencing within the fourth cell.
Convictions AFFIRMED; sentences REVERSED; and REMANDED for resen-tencing.
DAUKSCH and COWART, JJ., concur.

. In Booker v. State, 514 So.2d 1079 (Fla.1987), the Florida Supreme Court held that amended section 921.001(5) which provides that the extent of departure from a guidelines sentence shall not be subject to review may not be applied to crimes committed prior to July 9, 1986, the effective date of the amendment. Here the crimes were committed in 1984.