DAUKSCH, Judge.
This is an appeal from a departure sentence. The defendant was charged with one count of possession of cocaine and three'counts of delivery of cocaine. He entered a guilty plea to the possession charge and to two counts of delivery. His presumptive sentence under the guidelines was community control or twelve to thirty months incarceration. Because the present offenses were committed after July 1, 1988, the effective date of the amendment to Florida Rule of Criminal Procedure 3.988 which provides for broader permitted sentencing ranges, the trial court could have sentenced him to a three and one-half year term of‘ incarceration without providing written reasons for departure. § 921.0015, Fla.Stat. (1988 Supp.). Instead, it departed from the guidelines and sentenced him to three concurrent terms of five years for the following reasons:
1. That in case number 89-162 [the present case], the defendant pled guilty to the charge of Possession of Cocaine. The facts indicated that on December 22, 1988, the defendant sold an undercover police officer a piece of crack cocaine.
2. That in case number 89-1479 [the present case], the defendant pled guilty to two counts of Delivery of Cocaine. The facts indicated that on October 18, 1988, and October 26, 1988, the defendant sold crack cocaine to an undercover police officer.
3. That on or about April 17, 1986, the defendant was adjudicated guilty of Sale of Counterfeit Substance in Lieu of a Controlled Substance and placed on two years probation.
4. That on or about December 30, 1986, the defendant pled guilty to the charge of Possession of Cocaine and was sentenced to thirty months in the Department of Corrections.
5. That the “Sentencing Guidelines” calls for a sentencing range of Community Control or 12-30 months in the Department of Corrections even though one of its principles is that the severity of the sanction should increase with the length and nature of the offender’s criminal history.
6. That to sentence this Defendant according to the guidelines for these crimes to thirty months, considering his previous sentence of thirty months for a drug offence [sic], would be a mockery and farce upon the justice system.
7. That the facts of these cases indicates, coupled with the defendants [sic] other two drug offenses indicate that the defendant is by trade a drug dealer.
8. That the present guideline sentence of 12-30 months, in view of his previous December 1986 sentence of thirty months is not sufficient to provide the appropriate retribution, deterrance [sic] or time for rehabilitation for the defendant.
Wherefore, the Court will sentence the defendant, Bobby Lewis McGee, to a sentence exceeding the sentencing guidelines based upon the following, (either *350 would support the court’s decision to depart):
1. The defendants [sic] status as a drug dealer and/or
2. The recommended sentence is not sufficient to provide the appropriate retribution, deterrence or time for rehabilitation of the defendant.
The insufficiency of a guidelines sentence is not a valid reason for departure. Scott v. State, 508 So.2d 335 (Fla.1987); see also Salas v. State, 544 So.2d 1040 (Fla. 4th DCA 1989). The trial court’s reason for departure based on the defendant’s status as a drug dealer is also invalid under the facts of this case. In Mullen v. State, 483 So.2d 754 (Fla. 5th DCA 1986) this court found that where the defendant had been convicted of possession of cocaine with intent to sell or deliver, a departure based on his status as a drug dealer was permissible where it was supported by facts revealed at trial. This court relied on its prior decision in Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984) where a departure for the same offense was upheld based on the trial court’s consideration of the defendant’s method of operation as adduced by the evidence presented at trial. See also Bradshaw v. State, 531 So.2d 746 (Fla. 5th DCA 1988). These cases are distinguishable from the present case, however because the trial court relies solely on the defendant’s prior scored convictions for drug related offenses rather than the facts of this case. Departures based on prior criminal convictions used to calculate a presumptive sentence are invalid. Hendrix v. State, 475 So.2d 1218 (Fla.1985). The cause is therefore remanded to the trial court for resentencing.
SENTENCE VACATED; REMANDED.
COWART and GRIFFIN, JJ., concur.