COBB, Judge.
The trial court’s departure sentence in this case was based on the defendant’s prior record of similar offenses in the past, unscored offenses more than ten years in the past, and on the vulnerability of the victim.
The record herein shows no escalating pattern of offenses,[1] nor does it show a temporal proximity of commission of crimes indicating that the defendant is a continuing threat to the community.[2] Florida Rule of Criminal Procedure 3.701(d)(5)(b) precludes scoring of a prior record if the offender has maintained a conviction-free record for a period of ten consecutive years since release from confinement, supervision or sanction; hence, such an offense should not be the basis for a departure sentence. The vulnerability of *354 the victim is a factor inherent in the nature of the instant offense. Accordingly, none of the recited reasons is sufficient to warrant departure.
REVERSED and REMANDED for sentencing within the guidelines.
DAUKSCH and PETERSON, JJ., concur.

. See § 921.001(8), Fla. Stat. (1987); cf. Weems v. State, 469 So.2d 128 (Fla.1985); Mullen v. State, 483 So.2d 754 (Fla. 5th DCA 1986).

. See State v. Jones, 530 So.2d 53 (Fla.1988).