RYDER, Acting Chief Judge.
After Lisa Soberon entered guilty pleas to felony and misdemeanor charges, the trial court imposed an upward departure sentence. The court’s reason for departure was that Ms. Soberon needed drug treatment. She contends this is not a valid reason for an upward departure from the sentencing guidelines, and we agree. See DeGroat v. State, 489 So.2d 1163 (Fla. 5th DCA 1986), review denied, 496 So.2d 142 (Fla.1986) (defendant’s need of drug treatment that could only be accomplished in secure setting of prison insufficient to support upward departure sentence); Vance v. State, 475 So.2d 1362 (Fla. 5th DCA 1985) (fact that defendant was chemically dependant and “in need of help” not a valid reason for upward departure); see also Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984), approved, 476 So.2d 161 (Fla.1985) (defendant’s need of mental health treatment not a valid departure reason). Accordingly, we reverse Soberon’s sentence and remand for resentencing within the guidelines.
Reversed and remanded.
PARKER and ALTENBERND, JJ., concur.