458 So.2d 10 (1984)
Danny Neal MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. AW-407.
District Court of Appeal of Florida, First District.
October 2, 1984.
*11 Gene T. Moss of Moss & Edwards, Jacksonville, for appellant.
Jim Smith, Atty. Gen. and John T. Tiedemann, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Mitchell appeals a sentence which departs from the sentencing guidelines, Fla. R.Cr.Pr. 3.701, and contends that the imposition of a sentence exceeding the guidelines sentence was impermissibly based upon consideration of factors relating to an offense for which he was not convicted. We disagree and affirm.
Mitchell was charged with conspiracy to traffic in cannabis and possession of in excess of 20 grams of cannabis. A jury acquitted him of the conspiracy charge, but convicted him of the possession charge. Upon Mitchell's election to be sentenced under the guidelines, defense counsel and the prosecutor agreed that Mitchell's "guidelines score" was 42, and that his presumptive sentence under the guidelines would be "any non-state prison sanction." Nevertheless, the defendant was sentenced to a term of five years in the state corrections system.
The reasons given by the trial judge for departing from the guidelines sentence were that the quantity possessed was an entire bale and that it was the first of many bales which were to be delivered in the course of a large scale marijuana transaction.
Appellant asserts that the trial judge's reasons for departure from the guidelines sentence were impermissible because the reasons given were related to an "instant offense ... for which convictions have not been obtained" and, thus, violative of Rule 3.701(d)(11).[1] Appellant argues that the reasons given by the trial court related only to the conspiracy to traffic charge of which he was acquitted. We disagree, at least as to the large quantity of cannabis possessed by the defendant.
Mitchell was in possession of an entire bale of marijuana. That, in itself, was reason enough to depart from the guidelines sentence. Mitchell was charged and convicted of possession of more than 20 grams of cannabis, a third degree felony punishable by a maximum term of five years imprisonment. A person who possesses 21 grams is guilty of the same statutory offense as one who possesses 100 pounds.[2] Notably, the sentencing guidelines make no distinction between the two. In other words, the guidelines sentence in such cases do not reflect the "aggravation" present in a given case by reason of the large quantity of cannabis possessed by the defendant.
Prior to the recent advent of sentencing guidelines, one of the most important factors commonly considered by the sentencing judge in the determination of an appropriate sentence was the quantity of marijuana possessed by the defendant. We have no difficulty in finding that a large quantity of cannabis, such as that involved in the instant case, is a clear and convincing reason for departing from the guidelines. This is a "factor relating to the instant offense" for which the defendant has been convicted and is thus not violative of Rule 3.701(d)(11).
Even though the trial court may have impermissibly stated (insofar as guidelines departure is concerned) that more bales of marijuana would be involved in the "transaction," such does not vitiate, as a clear and convincing reason for departure, *12 the defendant's possession of a large quantity of marijuana. See Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984); Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984). Compare Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984) (case remanded for resentencing where possible valid reason was "mired in the confusion revealed by [the] record"). In Young, this court certified the following question to the Supreme Court of Florida:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLA.R.CR.P. 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING?
The State has urged that Mitchell's appeal should not even be considered because Mitchell failed to make a specific contemporaneous objection to the trial court's departure from the guidelines, the only "objection" having been made by defense counsel at a bail hearing (one month prior to sentencing) where counsel advised the court that the defendant intended to appeal if the sentence exceeded the guidelines sentence. We disagree. Two statutes and a rule make it clear that a defendant (or the State) may appeal as a matter of right from a sentence which is outside the range specified by the guidelines. Sections 924.06(1)(e) and 921.001(5), Florida Statutes (1983); Fla.App.R. 9.140(b)(1)(E); The Florida Bar: In Re Amendment to Rules of Appellate Procedure, 443 So.2d 972 (Fla. 1983). Moreover, in view of the Supreme Court's opinion in Rhoden v. State, 448 So.2d 1013 (Fla. 1984), the failure of the defendant to make a contemporaneous objection upon the imposition of sentence does not vitiate his right to appeal from the trial court's departure from the guidelines. See also Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984); Jolly v. State, 454 So.2d 45 (Fla. 1st DCA 1984); compare Williams v. State, 414 So.2d 509, 511 (Fla. 1982), and Cofield v. State, 453 So.2d 409 (Fla. 1st DCA 1984) (on motion for rehearing) (contemporaneous objection required as prerequisite to appeal from trial court's retention of jurisdiction under F.S. 947.16).
Although we find that the defendant was entitled to appeal the trial court's sentence outside the guidelines range, we hold that the court stated a clear and convincing reason for doing so. The sentence is therefore Affirmed.
BARFIELD, J., concurs;
THOMPSON, J., dissents with written opinion.
THOMPSON, Judge, dissenting.
It is apparent that the facts and circumstances which the trial judge determined to be aggravating factors warranting departure from the range of sanctions established by the sentencing guidelines were the same facts and circumstances which supported the State's initial decision to charge Mitchell with both possession of cannabis and conspiracy to traffic in cannabis. The jury did not convict Mitchell of the conspiracy charge and Rule 3.701(d)(11), Fla.R.Crim.P., specifically prohibits basing a departure from the guidelines on factors relating either to an instant offense for which the defendant has not been convicted or a prior offense for which no conviction was obtained. Compare Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984), wherein a departure from the guidelines on the basis of defendant's prior arrests was disapproved.
The guidelines sentence is based on the offense with which the defendant was charged and convicted and does not vary if the amount of cannabis involved is 5 pounds, 10 pounds or even 100 pounds as pointed out by the majority. Only when the amount possessed exceeds 100 pounds *13 does another statute control and another guidelines sentence apply. While I agree with the majority that possession of a bale of marijuana should warrant a more severe sentence than possession of 21 grams, neither the guidelines nor the statute making the possession of cannabis a criminal offense provide for any distinction between possession of 20 grams and 100 pounds. I do not think we have the authority to rewrite the guidelines or the statute, nor do I think a trial judge may depart from the guidelines in the absence of clear and convincing reasons. The only other reason given by the trial judge for his decision to depart from the guidelines was that the bale of marijuana was but the first of many bales which were to be delivered in the course of a large scale marijuana transaction. The defendant was acquitted of this conspiracy charge and it cannot be considered as a valid reason for departing from the guidelines.
The State conceded the trial court erred in departing from the guidelines but urged that the appeal should not be considered because the defendant failed to make a specific contemporaneous objection to the trial court's departure from the guidelines. I agree with the majority's conclusion that the right of appeal on this point was properly preserved.
I would reverse and remand with instructions to impose a sentence which is within the appropriate guidelines range or would require the trial court to expressly base any sentence departing from the guidelines on factors not related to offenses for which the defendant has not been convicted.
NOTES
[1] Rule 3.701(d)(11) provides in part:

"Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained."
The above Rule was recently amended. The Florida Bar: Amendment to Rules of Criminal Procedure, 451 So.2d 824 (Fla. 1984). The amendments do not apply to the case sub judice inasmuch as their effective date was July 1, 1984. See Chapter 84-328, Laws of Florida. But the result would be the same even under the amended Rule.
[2] "Trafficking in cannabis" requires in excess of 100 pounds. Section 893.135(1)(a), Florida Statutes.