490 So.2d 179 (1986)
Charles NEWTON, Appellant,
v.
STATE of Florida, Appellee.
No. BF-346.
District Court of Appeal of Florida, First District.
June 20, 1986.
*180 Rodney G. Gregory of Lassiter & Gregory, Jacksonville, for appellant.
Jim Smith, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, Charles Newton appeals the denial of his motion for judgment of acquittal and his sentence. We affirm as to the first issue, reverse as to the second issue and remand for resentencing.
On September 6, 1984, D.E.A. Agent Brian Raftery spoke by telephone with Joseph Roy for the purpose of purchasing eight ounces of cocaine. Mr. Roy put the appellant, Mr. Newton, on the phone. Newton agreed to obtain the cocaine and deliver it to Raftery at the Mount Vernon Motor-Lodge. The motel was staked out by D.E.A. agents and Jacksonville police. Raftery went to the designated motel room and, with Mr. Roy and a Ms. Suggs, awaited Newton. Officer John McCallum saw Newton and Ms. Crooks, an eighteen year old woman, arrive at the motel in Newton's El Camino. According to Raftery, Newton entered the room alone, "looking around", left, and returned soon after with Ms. Crooks. Officer Raftery testified that the cocaine was transported "inside" Ms. Crooks' pants, but he did not know whether Crooks or Newton removed the cocaine. Joseph Roy, however, saw Newton pull the packets of cocaine from Ms. Crooks' pants.
As the cocaine was passed to Agent Raftery, Newton apologized for only procuring six of the requested eight ounces, explaining that he only had 45 minutes to obtain the cocaine. Newton also told Raftery that one package of cocaine was of a higher quality than the other. Newton then talked price with Raftery. On cue, the police arrested everyone in the room. Newton struggled briefly with Officer McCallum, was subdued, and then attempted to grab McCallum's gun.
Newton went to trial on charges of trafficking in cocaine in excess of 28 grams but less than 200 grams, did not testify and was convicted. The defense's motion for judgment of acquittal was denied without argument. At the sentencing hearing, the trial court departed from the recommended range of seven to nine years incarceration by sentencing Newton to 18 years imprisonment with a three year minimum mandatory and fining him $50,000. Newton appealed.
The purpose of a motion for judgment of acquittal is to challenge the legal sufficiency of the evidence, and where the state has brought forth competent evidence to support every element of the crime, a judgment of acquittal is not proper. Cunningham v. State, 385 So.2d 721, 722 (Fla. 3rd DCA 1980); Section 3.380, Fla.R. Crim.P. The record supports a finding that *181 the state brought forth competent evidence to support every element of the record. Therefore, we affirm the denial of the motion for judgment of acquittal.
We reverse on the sentencing issue because all five of the trial court's reasons for departure from the sentencing guidelines are improper. The first reason for departure is that the quantity of cocaine involved, 170 grams, is an amount very close to the 200 gram limit for the offense of trafficking in cocaine. The offense of trafficking in cocaine under Section 893.135, Florida Statutes (1984) requires the actual or constructive possession of any amount over 28 grams of cocaine but is divided into categories of 28 to 200 grams, 200 to 400 grams and over 400 grams for purposes of mandatory sentencing. Therefore, 170 grams of cocaine is not at the outer limit of the offense of trafficking which contemplates amounts much greater than 400 grams.
Where the quantity of cocaine falls within the mandatory sentencing range, as here, departure based on quantity has been held improper by some courts. Jimenez v. State, 486 So.2d 36 (Fla. 2d DCA April 2, 1986) (28.35 grams); Gallo v. State, 483 So.2d 876 (Fla. 2d DCA 1986) (43.5 grams). However, other cases have permitted departure from the recommended range where the amount of drugs far exceeded that necessary for conviction. Guerrero v. State, 484 So.2d 59 (Fla. 2d DCA) (965.4 grams); Pursell v. State, 483 So.2d 94 (Fla. 2d DCA 1986) (1,952.5 grams). The amount of cocaine involved here did not far enough exceed the 28 grams necessary for conviction under Section 893.135, Florida Statutes (1984) to justify departure.
Two cases concerning drugs other than cocaine have permitted departure from the sentencing guidelines range when the quantity was almost at the limit of the range. In Seastrand v. State, 474 So.2d 908, 909 (Fla. 5th DCA 1985) the guidelines range for LSD is 1 to 2000 "hits". The amount involved was 2000 "hits", the outer limit of the range. Departure was found proper based on quantity and the dangerous nature of LSD, a reason recently struck down in Santiago v. State, 478 So.2d 47 (Fla. 1985). Again the amount of cocaine involved here was not at the extreme outer limits of the sentencing range and thus Seastrand does not control.
This court has permitted departure for a "bale" of marijuana where the sentencing guidelines range is 20 grams to 100 pounds, and the "bale" weighed less than 100 pounds. Mitchell v. State, 458 So.2d 10, 11 (Fla. 1st DCA 1984). However, while the legislature does not distinguish between 20 grams or 100 pounds of marijuana in the possession of marijuana category for recommended sentencing, the legislature does divide the cocaine trafficking category into three parts, 28 to 200 grams, 200 to 400 grams, and greater than 400 grams. Newton's offense clearly falls into the first division of the cocaine trafficking category. The lower court here refers to the legislative intent that ever increasing amounts of cocaine are tantamount to aggravating factors. We disagree and find the amount here to be within the recommended category.
The second rationale of the trial court, that departure is warranted based on the harmful effects of cocaine use and trafficking on the citizenry of Florida and the state's economy, is improper based on Santiago v. State, 478 So.2d 47, 49 (Fla. 1985) which states the nature and danger of a controlled substance is factored into the penalty recommended by the guideline. To allow those factors to be reconsidered as an aggravation permitting departure from the guidelines is contrary to the spirit and intent of the guidelines. Id.
The third reason, placing others in extreme risk of harm, is a valid reason for departure but here the record does not substantiate the existence of such risk. See Barclay v. State, 470 So.2d 691 (Fla. 1985). Newton's struggles lasted no more than ten to twenty seconds and he was unsuccessful in reaching the arresting officer's gun. We do not place Newton's brief struggle upon arrest in the same category *182 as events in other cases permitting departure based on a defendant subjecting himself and others to extreme risk. Carney v. State, 458 So.2d 13, 15 (Fla. 1st DCA 1984) decision approved, State v. Carney, 476 So.2d 165 (Fla. 1985) (defendant waved gun around in public restaurant); Garcia v. State, 454 So.2d 714, 718 (Fla. 1st DCA 1984) (defendants fire gun during a wild automobile chase).
As to the fourth reason, there is inadequate evidence in the record to support the trial court's finding that Newton callously and calculatedly enticed Ms. Crooks into transporting the cocaine to minimize his own exposure.
The fifth reason for departure is improper because it is essentially based on Newton's prior record. Seventy of the total 207 points on Newton's guidelines sentencing scoresheet relate to his prior record. Matters which have already been factored into the scoresheet, such as defendant's prior criminal record, cannot be relied upon as valid reasons for departure. State v. Davis, 477 So.2d 565 (Fla. 1985); Hendrix v. State, 475 So.2d 1218, 1220 (Fla. 1985). Furthermore, although the "lack of rehabilitation" alone is a clear and convincing reason for departure, when the rehabilitation reason is linked to defendant's prior convictions it is improper. Patty v. State, 486 So.2d 16 (Fla. 1st DCA 1986); Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986).
Since all five reasons for departure are invalid and reason five falls into one of the specific categories requiring an appellate court to find that departure is improper under the recent Florida Supreme Court case of State v. Mischler, 488 So.2d 523 (Fla. 1986), the sentence is reversed and the cause remanded for resentencing.
AFFIRMED in part, REVERSED in part and REMANDED.
ZEHMER and BARFIELD, JJ., concur.