490 So.2d 1026 (1986)
Alfonso WILLIAMS, Appellant
v.
STATE of Florida, Appellee.
No. BG-97.
District Court of Appeal of Florida, First District.
June 25, 1986.
Michael E. Allen, Public Defender, and Larry G. Bryant, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
Williams appeals his conviction and sentence for armed robbery at a convenience store in Fernandina Beach. We find his arguments urging reversal of the conviction to be unpersuasive. However, we are compelled to reverse the sentence because of failure to comply with the law regarding sentencing guidelines.
The trial court gave the following reasons for departing from the sentencing guidelines:
1. Alfonso Williams, Jr., has six (6) prior felony convictions.
2. Two (2) of the felony convictions were for escape while incarcerated.
3. The Defendant had been placed on probation on two (2) separate occasions and violated both probations by committing separate crimes.

*1027 4. Defendant had been previously convicted of assault to rob with a knife.
5. Defendant's felony record goes back to 1973.
6. The Court feels that the Defendant is a career criminal based on his juvenile and prior felony convictions which include escapes and violations of probation.
7. The court is attaching a copy of the sentencing hearing.
The trial court, not having the benefit of recent case law, has not stated clear and convincing reasons for departing from the guidelines. The first, second, fourth and fifth reasons are essentially based upon the defendant's prior criminal record. The guidelines scoresheet shows that 82 of the total 224 points are attributable to the defendant's prior convictions. Without such prior convictions, the guidelines sentence range would have been 3 1/2 to 4 1/2 years incarceration. With such prior convictions, the allowable sentence range under the guidelines was 9 to 12 years. Matters which have already been factored into the guidelines sentence cannot be relied upon as valid reasons for departure. State v. Davis, 477 So.2d 565 (Fla. 1985); Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Newton v. State, 490 So.2d 179 (Fla. 1st DCA 1986).
The third reason is also invalid inasmuch as the violation of prior probations is not a clear and convincing reason for departure where, as here, the guidelines sentence calls for incarcerative punishment. Compare Simmons v. State, 483 So.2d 530 (Fla. 1st DCA 1986) (prior violation of probation adequate reason where recommended sentence is nonincarcerative).
As for the sixth reason, in which the defendant is referred to as a "career criminal," the trial court is apparently finding that Williams is an habitual offender without providing the procedural safeguards or making the specific findings required by the habitual offender statute. See Cuthbert v. State, 459 So.2d 1098 (Fla. 1st DCA 1984); Crapps v. State, 483 So.2d 544 (Fla. 1st DCA 1986).
We have also examined the departure reasons collectively to determine whether the departure is salvageable under the theory relied upon in Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986), where the various reasons taken as a whole could properly be viewed as significantly more than reference to the defendant's prior record. We conclude that the departure cannot be sustained under Williams. See Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986).
Sentence REVERSED and REMANDED for resentencing.
MILLS, and WENTWORTH, JJ., concur.