495 So.2d 1219 (1986)
Donald Jerome ATWATERS, Appellant,
v.
STATE of Florida, Appellee.
No. BH-297.
District Court of Appeal of Florida, First District.
October 15, 1986.
*1220 Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant appeals a sentencing order, in which the trial judge departed from the recommended guidelines range of four and one-half years to five and one-half years to sentence appellant to eight years in prison, upon appellant's conviction, after jury trial, of trafficking in heroin in violation of section 893.135(1)(c)1. We affirm in part, reverse in part, and certify a question to the Supreme Court of Florida.
At trial, evidence was presented that appellant had been in possession of a total of 13.1 grams of heroin which were distributed in 838 packets, 384 of which contained only counterfeit controlled substances. According to section 893.135(1)(c)1, Florida Statutes, one found guilty of possession of between four and fourteen grams of heroin shall be guilty of trafficking in illegal drugs and sentenced to a mandatory minimum term of three years and a $50,000 fine. Pursuant to section 893.135(1)(c)2, one found guilty of possession of between fourteen and twenty-eight grams of heroin is subject to a mandatory minimum sentence of ten years, with a $100,000 fine.
In his sentencing guidelines scoresheet, appellant was given points for legal constraint at the time of the offense since he was on probation. The trial judge departed from the guidelines for the following reasons:
a) 13.1 grams of heroin  14 grams would be 10 year minimum mandatory.
b) 836 small full packets.
c) On probation at time of offense.
d) PSI shows defendant was not a good probationer.
Appellant argues that none of the above reasons are clear and convincing to support departure in this case. We disagree. Reasons a) and b), which are essentially one reason  a large quantity of drugs  may constitute an appropriate reason for departure. Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984); Benitez v. State, 470 So.2d 734 (Fla. 2d DCA 1985); Mullen v. State, 483 So.2d 754 (Fla. 5th DCA 1986). In State v. Villalovo, 481 So.2d 1303 (Fla. 3d DCA 1986), the court allowed a downward departure from the recommended guidelines sentence based upon the small amount of contraband involved.
We reject appellant's argument that, pursuant to Hendrix v. State, 475 So.2d 1218 (Fla. 1985), quantity of drugs involved is an inappropriate reason for departure because quantity is an inherent component of the offense which has already been factored *1221 into the guidelines score. As discussed in Mitchell, especially in cases involving the top of the range of the statute in regard to quantity, the guidelines sentence does not reflect the "aggravation" present in a given case by reason of the large quantity of contraband possessed by the defendant and that factor (large quantity) is a factor relating to the instant offense for which the defendant has been convicted and thus is not violative of rule 3.701(d)(11).
We conclude that when quantity of contraband is used as a reason for departure, that reason is not necessarily a duplication of factors already taken into account in arriving at the guidelines score since the guidelines do not specifically factor in the quantity element due to the broad range of each statutory prohibition. However, recognizing the magnitude of this holding, we certify the following question to the Florida Supreme Court:
MAY THE QUANTITY OF DRUGS INVOLVED IN A CRIME BE A PROPER REASON TO SUPPORT DEPARTURE FROM THE SENTENCING GUIDELINES.
The third reason for departure  that appellant was on probation at the time of offense  does not constitute a clear and convincing reason for departure. Rule 3.701(d)(14), Florida Rules of Criminal Procedure; Sutton v. State, 485 So.2d 836 (Fla. 1st DCA 1986); Brunson v. State, 489 So.2d 1159 (Fla. 1st DCA 1986); Hendrix. Under rule 3.701(d)(14), even though violation of probation cannot be a reason for departure, it can support, without departure, the bumping up of a sentence by one cell. However, in the instant case, the sentence was bumped more than one cell and therefore a departure did occur.
Further, the final reason for departure  that appellant was not a good probationer  is an irrelevant factor in this case since probation was not an option even under the guidelines. Therefore, reason d) also was an improper reason for departure. Williams v. State, 490 So.2d 1026 (Fla. 1st DCA 1986). Since the record does not clearly indicate that the trial judge would not have altered his decision to depart in the absence of the departure reasons we have found to be invalid, we reverse and remand to the trial judge for resentencing in light of this opinion. Albritton v. State, 476 So.2d 158 (Fla. 1985).
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing, with the above question being certified to the Florida Supreme Court.
ERVIN and BARFIELD, JJ., concur.