498 So.2d 545 (1986)
Harold PEACOCK, Appellant,
v.
STATE of Florida, Appellee.
No. BL-181.
District Court of Appeal of Florida, First District.
November 25, 1986.
Rehearing Denied January 6, 1987.
James A. Johnston, Pensacola, for appellant.
Jim Smith, Atty. Gen., Kurt L. Barch, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Peacock appeals from a conviction of violation of probation by solicitation to commit arson. He alleges that the trial court erred in denying his motion for judgment of acquittal. We affirm.
In June 1984, Peacock was placed on probation after pleading guilty to two counts of grand theft. In September 1985, an affidavit of violation of probation was filed, alleging that Peacock had solicited another man, Cook, to commit arson by *546 burning Peacock's house trailer. Cook, who had informed state insurance fraud investigators that Peacock might be involved in such fraud, had agreed to record any telephone conversations he might have with Peacock. During a conversation recorded in early March 1985, Peacock asked Cook to "take care of the trailer in smoke." In the same conversation, Peacock indicated that he first needed to acquire more insurance and asked Cook to contact him again.
In a second exchange later in March, Peacock told Cook that definite plans had to be postponed until 20 March because of the recently-purchased insurance. Peacock thereafter met with a man named Sims and gave him a key to the trailer to give to Cook. Cook picked up the key, but a week or so later Peacock contacted Sims again and told him to call Cook and cancel the job until the trailer could be moved to Alabama.
During the bench trial of March 1986, Peacock moved for judgment of acquittal alleging that the foregoing evidence was insufficient to show a decision to proceed with the arson and further that his cancellation of the job showed a renunciation of the crime sufficient to be a complete defense thereto. The trial judge denied the motion and found Peacock guilty of violation of probation.
Section 777.04(2), Florida Statutes, provides that
[w]hoever solicits another to commit an offense prohibited by law and in the course of such solicitation commands, encourages, hires, or requests another person to engage in specifc conduct which would constitute such offense ... commits the offense of criminal solicitation... .
Section 777.04(5)(b) establishes as a defense to the crime of solicitation that
under circumstances manifesting a complete and voluntary renunciation of his criminal purpose, the defendant [a]fter soliciting another person to commit an offense, persuaded such other person not to do so or otherwise prevented commission of the offense.
The purpose of a motion for judgment of acquittal is to challenge the legal sufficiency of the evidence, and where the state has brought forth competent evidence to support every element of the crime, a judgment of acquittal is not proper. Newton v. State, 490 So.2d 179, 180 (Fla. 1st DCA 1986). Further, in moving for a judgment of acquittal, the defendant admits not only the facts stated and the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. Fletcher v. State, 472 So.2d 537, 539 n. 2 (Fla. 5th DCA 1985).
Here, the evidence showed that Peacock asked Cook to "take care of his trailer by smoke" and provided Cook with the means of entry to the trailer, namely the key. While the evidence showed that Peacock postponed the time at which Cook was to perform the arson, it did not demonstrate that he had never decided to proceed at all. See State v. Gaines, 431 So.2d 736 (Fla. 4th DCA 1983). Therefore, we find that there was sufficient evidence that Peacock solicited arson and "encouraged or requested" Cook to engage in specific conduct constituting such offense so as to overcome the motion for acquittal.
With regard to Peacock's renunciation defense, there was also sufficient evidence from which the trier of fact could have found that the circumstances of Peacock's alleged retraction of the job did not "manifest a complete and voluntary renunciation of his criminal purpose."
Affirmed.
SHIVERS and JOANOS, JJ., concur.