507 So.2d 668 (1987)
Michael FLOURNOY, Appellant,
v.
STATE of Florida, Appellee.
No. BI-269.
District Court of Appeal of Florida, First District.
May 12, 1987.
Rehearing Denied June 11, 1987.
*669 J. Craig Williams, of Williams and Stapp, P.A., Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Tallahassee, for appellee.

EN BANC OPINION
SHIVERS, Judge.
Flournoy raises nine issues in his appeal of the trial court's judgment and sentence. We affirm the convictions but reverse the sentence. Our discussion relates to Flournoy's contention that the trial court erred in exceeding the sentencing guidelines.
Appellant Flournoy was charged in a two count information with trafficking in heroin and possession of cocaine. The jury found Flournoy guilty of the lesser included offense of attempted trafficking in heroin and guilty of possession of cocaine. The trial court sentenced Flournoy to 10 years for attempted trafficking in heroin and 5 years for possession of cocaine, the sentences to run concurrently.
The trial court also entered its written statement for departure from the recommended guidelines sentence. The trial court's departure from the guidelines sentence was based on the following three reasons:
(1) The large quantity of heroin involved;
(2)(a) The dangerous nature of the drug, heroin;
(b) A non-state sentence would not be commensurate with the seriousness of the offense and the danger to the community posed by the defendant;
(3) Felony convictions remote in time that were not scored for guidelines purposes.
In the first of its three reasons given for departure, the trial court found that the amount of heroin involved in the offense was 12.5 grams. It concluded the amount involved constituted a clear and convincing reason for departure from the guidelines. In our consideration of this reason, we believe three of our prior opinions warrant discussion. It is our duty to reconcile these cases, if possible.
In Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984), we permitted departure for possession of "an entire bale" in a marijuana possession case. In Mitchell we affirmed the trial court's departure for a bale since the recommended sentence made no distinction between possession of 21 grams *670 and the possession of 100 pounds. The Legislature did not divide possession of amounts less than 100 pounds into categories. (To be charged and convicted of trafficking in marijuana the amount involved would have to be in excess of 100 pounds.) The amount possessed in Mitchell exceeded multifold the threshold amount necessary for conviction. We concluded the trial judge had clear and convincing reasons for departure and did not abuse his discretion.
In Newton v. State, 490 So.2d 179 (Fla. 1st DCA 1986), the defendant was convicted of trafficking in 170 grams of cocaine. The offense of trafficking in cocaine under section 893.135(1)(b), Florida Statutes requires possession of 28 grams or more of cocaine. For purposes of mandatory sentencing, the Legislature divided the possession of 28 grams or more of cocaine into categories of:
28 grams but less than 200 grams: 3 years mandatory + fine;
200 grams but less than 400 grams: 5 years mandatory + fine;
400 grams or more: 15 years mandatory + fine.
Defendant's scoresheet showed a recommended guidelines range of 7-9 years incarceration. The trial court departed by sentencing Newton to 18 years with 3 years mandatory plus a fine. We concluded the trial court had abused its discretion and reversed. We were unable to say that the 7-9 years recommended by the guidelines should be exceeded when the amount involved was well within the lowest of the statutory categories.
In Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1986) the defendant was convicted of trafficking in 13.1 grams of heroin. The offense of trafficking in heroin under section 893.135(1)(c), Florida Statutes, requires possession of 4 grams or more. For purposes of mandatory sentencing, the Legislature divided the possession of 4 grams or more of heroin into categories of:
4 grams or more but less than 14 grams: 3 years + fine;
14 grams or more but less than 28 grams: 10 years + fine;
28 grams or more: 25 years + fine.
Defendant's scoresheet showed a recommended guidelines range of 4 1/2 to 5 1/2 years. The trial judge, apparently because 13.1 grams was so close to 14 grams, departed and gave the defendant 8 years. We could not say, under these circumstances, that the trial court abused its discretion and we affirmed the departure.
One of the stated purposes of the sentencing guidelines is to eliminate unwarranted variation in the sentencing process. Rule 3.701, Fla.R.Crim.P., positively provides that the guidelines are not intended to usurp judicial discretion, but departures are to be made only for clear and convincing reasons. Because the amount of heroin involved in the instant case is, like Atwaters, near the outer limit of the first statutory category, we conclude that the departure here was within the trial judge's guidelines-restricted discretion for departure.
As to the trial court's second reason for departure, the Florida Supreme Court has ruled that the nature and danger of possession to sell a schedule one substance is factored into the penalty recommended by the guidelines and is therefore an invalid reason to depart from the guidelines sentence. Santiago v. State, 478 So.2d 47 (Fla. 1985).
In Scurry v. State, 489 So.2d 25 (Fla. 1986), the Florida Supreme Court held invalid a departure from the recommended guidelines sentence based on the trial court's belief that a non-state sentence would not be commensurate with the seriousness of the offense. The reason, "that a lesser sentence is not commensurate with the seriousness of the crime, flies in the face of the rationale for the guidelines. In effect, this reason reflects a trial judge's disagreement with the sentencing guidelines commission and is not a sufficient reason for departure." Scurry, 489 So.2d at 29. Therefore, we hold that both of the trial court's reasons listed under its second basis for departure are invalid.
The trial court's third reason for departure, which is based on defendant's *671 remote felony convictions, is valid. Weems v. State, 469 So.2d 128 (Fla. 1985); Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
We find that the sentencing court relied on both valid and invalid reasons for departure. The Florida Supreme Court has recently stated that when faced with these circumstances the sentence must be reversed and remanded unless the "reviewing court [is] satisfied that there is no reasonable possibility that the elimination of the invalid reasons would have affected the departure sentence." Casteel v. State, 498 So.2d 1249, 1251 (1986). Based on the record before us, we are not satisfied that the sentencing court's consideration of the invalid factors was harmless and, therefore, we affirm the convictions but reverse the sentence and remand for resentencing.
We certify to the Florida Supreme Court the following question to be of great public importance:
MAY THE QUANTITY OF DRUGS INVOLVED IN A CRIME BE A PROPER REASON TO SUPPORT DEPARTURE FROM THE SENTENCING GUIDELINES?
AFFIRMED in part, REVERSED in part, and REMANDED.
MILLS, WENTWORTH, THOMPSON, and WIGGINTON, JJ., concur.
SMITH, J., concurs in result only.
JOANOS, J., concurs specially, with an opinion.
BOOTH, C.J., concurs in Judge JOANOS' specially concurring opinion.
NIMMONS, J., concurs in result only, and concurs in Judge JOANOS' specially concurring opinion.
ZEHMER, J., concurs and dissents, with an opinion.
ERVIN, J., concurs in part, dissents in part, and concurs in Judge ZEHMER'S concurring and dissenting opinion.
BARFIELD, J., concurs and dissents, with an opinion, and concurs in Judge ZEHMER'S concurring and dissenting opinion.
JOANOS, Judge, concurring specially in the result.
I concur in the result reached in Judge Shivers' opinion. Further, I concur in the rationale expressed as to each subject discussed except as to the explanation given for affirming the trial judge's first reason for departure from the guidelines sentence, the reason relating to the quantity of drugs involved in the criminal act. I would affirm that point but for a different reason than expressed in Judge Shivers' opinion.
First of all, I do not consider there to be a significant factual distinction between Newton v. State, 490 So.2d 179 (Fla. 1st DCA 1986) and Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1986) warranting the inconsistent results. Newton involved 170 grams of cocaine in a situation where the minimum mandatory sentencing category was 28 to 200 grams while Atwaters involved 13.1 grams of heroin in a situation where the minimum mandatory sentencing category was 4 to 14 grams. I view both cases as involving a situation where the amount of the drug involved was close to the top of minimum mandatory sentencing category. For that reason, I cannot distinguish the two cases from each other.
While there is rationale supporting both Newton and Atwaters, I prefer the position taken in Atwaters that the amount of drug involved could justify guidelines sentencing departure. This is because I believe that since minimum mandatory sentencing requirements are not taken into account in computing the recommended sentence there is no reason to consider them in determining whether to depart from a guidelines sentence. The inquiry as to the amount of drugs involved should simply be a determination as to whether the amount involved is so much more than the threshold amount required for conviction as to warrant departure.
In rendering this view, I am aware that the case before us does not involve a sentence which carries a minimum mandatory sentence requirement and for that reason is somewhat different from Newton and Atwaters. However, I do not believe that *672 to be a meaningful distinction. The crime of attempted trafficking in heroin derives from the crime of trafficking in heroin which has quantity divisions established for minimum mandatory sentencing purposes. If those divisions are taken into account for departure purposes in a trafficking case, to be consistent, we would need to consider them in an attempted trafficking case. This I would decline to do for the reason that I have expressed, the amount over the threshold is not taken into account in the computation of the recommended sentence under the guidelines so it should be considered when the amount is sufficiently in excess of the threshold amount to warrant departure. I further point out, that it should also be taken into account as a reason for downward departure if the amount is very near the threshold level. For this reason, we should recede from the Newton decision on this subject.
Let us now turn to the case before us. Appellant's primary offense was attempted trafficking, a second degree felony, punishable as provided in section 775.082(3)(c) Florida Statutes (1983). The statutory sentence for this crime provides that imprisonment cannot exceed 15 years. When calculating a sentence for recommended guidelines purposes using a guidelines scoresheet, a single offense of attempted trafficking as a second degree felony is scored as 65 points, and this number of points does not vary regardless of how much heroin was involved so long as there was at least 4 grams, the threshold amount. A defendant convicted of this crime would have been scored 65 points for the second degree felony as the primary offense at conviction, and given the same recommended sentence, whether he was found with 4 grams of heroin or 400 grams or even more. Therefore, the quantity of heroin does not affect the guidelines sentence so long as there was at least four grams. It is a serious crime to attempt to traffic in any amount of heroin. Certainly it is more serious to attempt to traffic in an amount more than three times the threshold amount. I therefore would affirm the trial court's first reason for departure as a valid basis for deviating from the guidelines sentence.
ZEHMER, Judge, concurring in part and dissenting in part.
I concur with the majority opinion with one exception. I dissent to approval of departure from the sentencing guidelines based upon the quantity of drugs involved. Neither the majority opinion nor any other decision of a Florida appellate court, of which I am aware, has ever articulated any legal standard or criteria by which to determine with any sense of consistency or uniformity at what level the quantity of drugs involved should or should not constitute a valid reason for departure from the guidelines. I am unable to rationally reconcile the cases reaching diverse results on this issue and arrive at a workable legal standard for uniformly applying this reason. The legislature has used the quantity of drugs involved as the basis for a scale of escalating offenses with ever-increasing penalties in the criminal statutes defining various drug offenses. That being so, it is inconsistent with the purpose of the guidelines to refer to the quantity of drugs involved, whether within or without the limits of the statutory ranges, as a reason for departure since some prescribed quantity of drugs is an essential component or factor of each defined drug offense. Further, when the defendant is either acquitted or not charged with a more serious offense which could be supported by the quantity of drugs allegedly possessed or sold, the use of quantity as a reason to depart from the guidelines is tantamount to sentencing the defendant for an offense regarding which the state has not obtained a conviction, contrary to Florida Rule of Criminal Procedure 3.701(d)(11) (reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained). This is particularly true when a defendant is charged, but acquitted, of trafficking in that particular quantity of drugs. Garcia v. State, 504 So.2d 494 (Fla. 3d DCA 1987).
For the forgoing reasons, I would disapprove the first reason for departure based *673 on "the large quantity of heroin involved," especially since appellant was acquitted of trafficking in heroin and the quantity involved (12.5 grams) did not exceed the lowest category of trafficking (4 to 14 grams).
BARFIELD, Judge, concurring and dissenting:
Having had the dubious distinction of participating in all three opinions discussed by Judge Shivers, I feel compelled to admit that the harder one tries to uphold the trial judge's departure based upon quantity of drugs, the more impossible such defense becomes. Consistent with the endless nuances of distinguishing among quantity departures is the explanation for differing results suggested by Judge Shivers, none of which reflect my reasons for ruling in any of the examined cases. I concur in the concurring and dissenting opinion of Judge Zehmer.