PER CURIAM.
This cause is before us on appeal from a judgment and sentence adjudicating Dominguez guilty of trafficking in cocaine in an amount greater than 28 grams, in violation of Section 893.135(l)(b)l, Florida Statutes (1985), and sentencing Dominguez to serve seven years of imprisonment, pay a fine of $50,000, and pay court costs of $200. Dominguez challenges the sentence as a departure from the guidelines without clear and convincing reasons, and challenges the imposition of costs as improperly imposed in violation of ex post facto principles and without adequate determination of indigen-cy as required by Section 27.3455, Florida Statutes (1985).
Dominguez’ challenge of the application of Section 27.3455, Florida Statutes, on the basis of its violation of ex post facto principles was not properly preserved at sentencing and cannot be addressed by this court on appeal. Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986). However, as held in Slaughter, supra at 111, the trial court is required to determine the defendant’s indigency before assessing costs pursuant to Section 27.3455. Accordingly, we must reverse and remand for a determination of indigency and reassessment of costs.
A sentencing guidelines scoresheet was prepared in this case reflecting a recommended sentence of three and one-half to four and one-half years of imprisonment. The trial court departed from this recommended sentence for the following summarized reasons: (1) quantity of the drug, (2) nature of the drug, and (3) defendant was “truly a trafficker.” and not simply in possession.
We must reverse because the latter two factors are inherent in the offense itself and not allowable bases for departure. Santiago v. State, 478 So.2d 47, 49 (Fla.1985); and State v. Mischler, 488 So.2d 523, 525 (Fla.1986). Moreover, the State has failed to prove beyond a reasonable doubt that the same sentence would have been imposed even without the impermissi *1318 ble standards. See Albritton v. State, 476 So.2d 158 (Fla.1985).
As to the propriety of using the quantity of drugs involved in the offense as a “clear and convincing” reason for departure, this court en banc has recently ruled and submitted the question to the Supreme Court of Florida as a question of great public importance. Flournoy v. State, 507 So.2d 668 (Fla. 1st DCA 1987). Based on Flournoy and Newton v. State, 490 So.2d 179 (Fla. 1st DCA 1986), we must hold that the trial court abused its discretion in departing from the sentencing guidelines on the basis of drug quantity.
In reaffirming the ruling in Newton, supra, — that the trial court abused its discretion in departing from the guidelines on the basis of drug quantity (170 grams of cocaine) — Flournoy holds that it could not say that the recommended sentence “should be exceeded when the amount involved was well within the lowest of statutory categories.” The amount involved in the instant case (114 grams of cocaine) falls dead center in the statutory category. Section 893.135(l)(b)l, Florida Statutes (1985), imposes a mandatory minimum sentence of three years of imprisonment when the amount of cocaine is “28 grams or more, but less than 200 grams.” Under the rationale of Flournoy, we are required to find an abuse of discretion.
Accordingly, we reverse the sentence and remand for resentencing consistent herewith.
We afeo certify to the Supreme Court of Florida the following question to be of great public importance:
MAY THE QUANTITY OF DRUGS INVOLVED IN A CRIME BE A PROPER REASON TO SUPPORT DEPARTURE FROM THE SENTENCING GUIDELINES?
REVERSED AND REMANDED.
BOOTH, C.J., and MILLS and WENTWORTH, JJ., concur.