509 So.2d 1320 (1987)
Michael BANKS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1699.
District Court of Appeal of Florida, Fifth District.
July 16, 1987.
*1321 C. John Coniglio, P.A., Wildwood, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Defendant appeals his conviction of trafficking in cannabis in violation of sections 893.135, 893.03(1)(c), 893.13(1)(a)2., Florida Statutes (1985).
The defendant's recommended guidelines sentence was three and one-half to four and one-half years. The trial court sentenced defendant to fifteen years' incarceration and imposed a $25,000 fine listing as reasons for departure defendant's prior offenses, timing and escalating nature of the offenses, the quantity of cannabis involved, and the defendant's status as a drug dealer.
The defendant's prior offenses were factored in the sentencing guidelines scoresheet and are an invalid reason for departure in this case. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). The second reason for departure, the timing and escalating nature of the defendant's criminal activity, is not a valid reason for departure in this case. The defendant's prior offense was possession of a controlled substance with intent to distribute. The instant offense does not represent an escalating, but rather a continuing, pattern of drug-related offenses. Nichols v. State, 504 So.2d 414 (Fla. 1st DCA 1987). Also, one prior conviction does not demonstrate an escalating pattern of criminal conduct. Otherwise, in every case where a defendant has a prior conviction the trial judge could list this as a reason for departure which conflicts with the purposes of the sentencing guidelines. Smith v. State, 507 So.2d 788 (Fla. 1st DCA 1987).
For the trial court to impose a heavier penalty based on the amount of drugs involved invades the province of the legislature which promulgated the statutory ranges for the quantity of proscribed substances involved in an offense[1] and is an invalid reason for departing from the recommended guidelines sentence. Koopman v. State, 507 So.2d 684 (Fla. 2d DCA 1987); Stanley v. State, 507 So.2d 1131 (Fla. 5th DCA 1987); Newton v. State, 490 So.2d 179 (Fla. 1st DCA 1986); Compare Santana v. State, 507 So.2d 680 (Fla. 2d DCA 1987); Flournoy v. State, 507 So.2d 668 (Fla. 1st DCA 1987); Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1986); Irwin v. State, 479 So.2d 153 (Fla. 2d DCA 1985), rev. denied, 488 So.2d 830 (Fla. 1986); Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984), rev. denied, 464 So.2d 556 (Fla. 1985).
This court has held the defendant's status as a drug dealer to be a valid reason for departing from the recommended guidelines sentence on convictions of unlawful possession of controlled substances with the intent to sell or deliver. See Mullen v. State, 483 So.2d 754 (Fla. 5th DCA *1322 1986); Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984). However, Banks was convicted of "trafficking" in cannabis. To "traffic" in a commodity means to "deal" in it and vice versa.[2] Both terms encompass bargaining, trading, and bartering in some commodity. To deal or trade is therefore an inherent component of the crime of trafficking in a controlled substance. The statutory definition of trafficking in section 893.135(1)(a) is broader than mere possession with intent to sell or deliver, section 893.13, in that it also includes the knowing possession of an amount in excess of 100 pounds of cannabis, but not more restrictive. Therefore a defendant's status as a "drug dealer" in a "trafficking" case is an invalid reason for departure. See Young v. State, 502 So.2d 1347 (Fla. 2d DCA 1987).
None of the reasons listed by the trial judge for departing from the recommended guidelines sentence are clear and convincing. Accordingly, we affirm the conviction, vacate the sentence, and remand for resentencing within the recommended guidelines sentence.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
UPCHURCH, C.J., and DAUKSCH, J., concur.
NOTES
[1] § 893.135(1), Fla. Stat. (1985).
[2] Webster's New Collegiate Dictionary 1229 (1979).