PER CURIAM.
Appellant raises two points on this appeal from his split sentence on a charge of possession of cannabis.
First, appellant contends the court erred in departing from the sentencing guidelines based on the quantity of cannabis he possessed. Because this court has previously approved using the quantity of marijuana as a reason for departing from sentencing guidelines, Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984); see also Flournoy v. State, 507 So.2d 668 (Fla. 1st DCA 1987), we affirm this reason for departure. In view of conflicting decisions on this point of law, we certify, as we did in Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1986), and Flournoy, 507 So.2d 668, the following question of great public importance:
MAY THE QUANTITY OF DRUGS INVOLVED IN A CRIME BE A PROPER REASON TO SUPPORT DEPARTURE FROM THE SENTENCING GUIDELINES?
Appellant’s second point contends the court erred in ordering that he serve 18 months probation in the Bridges Drug Rehabilitation Program in Orlando following service of the eighteen-month sentence in prison. The state concedes that the statutory limit for participation in that program is 364 days. Accordingly, appellant’s sentence is hereby modified to require that he serve a period of probation of 364 days, during which time he will participate in the Bridges Drug Rehabilitation Program.
AFFIRMED, as modified.
SHIVERS, THOMPSON, and ZEHMER, JJ., concur.