519 So.2d 611 (1988)
Donald Jerome ATWATERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 69555.
Supreme Court of Florida.
January 28, 1988.
Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Norma J. Mungenast and Elizabeth Masters, Asst. Attys. Gen., Tallahassee, for respondent.
OVERTON, Justice.
This is a petition to review Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1986), in which the First District Court of Appeal held the quantity of drugs involved in the offense is a valid reason to depart from the guideline sentence. The court certified the following question as one of great public importance:
May the quantity of drugs involved in a crime be a proper reason to support departure from the sentencing guidelines[?]
Id. at 1221. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the negative and quash the decision of the district court on that issue.
The facts reflect that the petitioner, Donald Atwaters, was found guilty of trafficking in more than four grams of heroin; specifically, Atwaters was in possession of a total of 13.1 grams of heroin, which was included in 454 packets. He was also found in possession of 384 packets containing a counterfeit controlled substance. Atwaters was sentenced to eight years' imprisonment, with a three-year minimum mandatory, and fined $50,000. This represented a two-cell departure from the guidelines which recommended a sentence of four-and-a-half to five-and-a-half years. The judge based the departure on the following reasons: (1) 13.1 grams of heroin ... 14 grams would be a ten-year minimum mandatory; (2) 836 small foil packets; (3) on probation at time of offense; and (4) PSI shows defendant was not a good probationer. The district court of appeal determined that the first two reasons together established one valid reason, found the last two reasons invalid, and, following our *612 decision in Albritton v. State, 476 So.2d 158 (Fla. 1985), reversed and remanded for resentencing.
Atwaters maintains that the quantity of drugs involved may not be used as a reason for departure because quantity is an inherent component of the offense which has already been factored into the guidelines score. The district court rejected that argument and held that "when quantity of contraband is used as a reason for departure, that reason is not necessarily a duplication of factors already taken into account in arriving at the guidelines score since the guidelines do not specifically factor in the quantity element due to the broad range of each statutory prohibition." 495 So.2d at 1221.
Subsequently, the First District Court of Appeal, en banc in Flournoy v. State, 507 So.2d 668 (Fla. 1st DCA 1987), reaffirmed this holding, stating: "Because the amount of heroin involved in the instant case is, like Atwaters, near the outer limit of the first statutory category, we conclude that the departure here was within the trial judge's guidelines-restricted discretion for departure." Id. at 670. A concurring opinion suggested that
since minimum mandatory sentencing requirements are not taken into account in computing the recommended sentence there is no reason to consider them in determining whether to depart from a guidelines sentence. The inquiry as to the amount of drugs involved should simply be a determination as to whether the amount involved is so much more than the threshold amount required for conviction as to warrant departure.
Id. at 671 (Joanos, J., concurring specially in result). Dissenting in part, Judge Zehmer argued that there has never been
articulated any legal standard or criteria by which to determine with any sense of consistency or uniformity at what level the quantity of drugs involved should or should not constitute a valid reason for departure from the guidelines.... The legislature has used the quantity of drugs involved as the basis for a scale of escalating offenses with ever-increasing penalties in the criminal statutes defining various drug offenses. That being so, it is inconsistent with the purpose of the guidelines to refer to the quantity of drugs involved, whether within or without the limits of the statutory ranges, as a reason for departure since some prescribed quantity of drugs is an essential component or factor of each defined drug offense.
Id. at 672 (Zehmer, J., concurring in part, dissenting in part).
Other district courts of appeal have recently adopted views similar to those of Judge Zehmer. In Banks v. State, 509 So.2d 1320 (Fla. 5th DCA 1987), the district court, in finding the amount of drugs involved to be an invalid reason for departure, stated: "For the trial court to impose a heavier penalty based on the amount of drugs involved invades the province of the legislature which promulgated the statutory ranges for the quantity of proscribed substances involved in an offense and is an invalid reason for departing from the recommended guidelines sentence." Id. at 1321 (footnote omitted). See also Koopman v. State, 507 So.2d 684 (Fla. 2d DCA 1987); Stanley v. State, 507 So.2d 1131 (Fla. 5th DCA 1987).
We agree that, since the legislature has used the quantity of drugs involved in the offense as a basis for establishing varying penalties, it is clearly not consistent with the purpose of the guidelines to also use the quantity of drugs as a reason for departure. We also note that, in State v. Mischler, 488 So.2d 523 (Fla. 1986), we rejected a departure on the grounds that the theft involved sizable funds from a non-wealthy victim. To hold that a trial judge may depart based on the quantity of drugs involved, but could not depart based on the amount of money taken, when both are factors in the legislatively established penalty is illogical, inconsistent, and contrary to the purpose of the guidelines.
Accordingly, we hold the quantity of drugs involved in a crime may not be utilized as a proper reason to support departure from the sentencing guidelines, answer the question in the negative, quash *613 the decision of the district court to the extent it is in conflict with these views, and direct that the district court of appeal remand to the trial court for resentencing.
It is so ordered.
EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.
McDONALD, C.J., concurs with an opinion.
GRIMES, J., concurs specially with an opinion.
McDONALD, Chief Justice, concurring.
I concur. At the same time it makes sense that the quantity of drugs within a given statutory category should be a factor in the length of a sentence. I would suggest the Sentencing Guidelines Committee visit this issue.
GRIMES, Justice, specially concurring.
In the past I have participated in decisions which held that the quantity of drugs involved was a valid reason for guidelines departure. See Pursell v. State, 483 So.2d 94 (Fla.2d DCA 1986); Jean v. State, 455 So.2d 1083 (Fla.2d DCA 1984). However, I concur with the result in the instant case because it is consistent with recent Supreme Court decisions which have narrowly circumscribed the reasons which may be relied upon for departure.