SCHEB, Acting Chief Judge.
On April 30,1987, the defendant, Jeffery Lisk, was convicted of grand theft for stealing $500. § 812.014(2)(b)l, Fla.Stat. (Supp.1986). The sentencing guidelines recommended a sentence within the range of two and one-half to three and one-half years’ imprisonment. The trial court departed from the guidelines and sentenced the defendant to one year and one day imprisonment.
The trial judge articulated two reasons for the downward departure from the recommended guidelines sentence. The parties concede that the first reason is invalid. The remaining reason was that the amount involved in the theft was “relatively small.” We think that reason is also an invalid basis for departure.
The defendant seeks to sustain the trial court's ruling on the basis of State v. Pina, 487 So.2d 351 (Fla. 4th DCA 1986). In Pina, a grand theft case, the trial court departed downward from the recommended guidelines sentence because the amount stolen was very close to the statutory minimum for grand theft. In this case, the defendant was convicted of stealing $500. He argues that this amount is much closer to the statutory minimum of $300 than to the maximum of $20,000 for grand theft of the third degree. Therefore, the defendant contends the trial court was correct in determining that he should receive a lighter sentence than recommended by the guidelines.
We believe that Pina is no longer a viable decision in view of the recent Florida Supreme Court decision in Atwaters v. State, 519 So.2d 611 (Fla.1988). In holding that the quantity of drugs involved in a crime is not a proper reason to support departure from the sentencing guidelines the court in Atwaters stated:
We also note that, in State v. Mischler, 488 So.2d 523 (Fla.1986), we rejected a departure on the grounds that the theft involved sizable funds from a non-wealthy victim. To hold that a trial judge may depart based on the quantity of drugs involved, but could not depart based on the amount of money taken, when both are factors in the legislatively established penalty is illogical, inconsistent, and contrary to the purpose of the guidelines.
Atwaters, 519 So.2d at 612.
Accordingly, we hold that the trial court erred in departing from the recommended guidelines sentence. We reverse and re *1261 mand with directions for the court to resen-tence the defendant within the range of recommended guidelines sentence.
CAMPBELL and HALL, JJ., concur.