## STATE OF FLORIDA v SHAHID
### Case No. 88-1264-C (County Court Case No. 88-712CT04)
First Judicial Circuit, Okaloosa County
April 13, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for appellant.

**James Etheredge,** Esquire, for appellee.

### OPINION OF THE COURT

ERWIN FLEET, Circuit Judge.

This appeal derives from the county court's granting of a motion for judgment of acquittal taken under advisement at the conclusion of the trial and ruled on after a jury verdict of "Guilty" was returned against the Appellee. The Appellant filed its initial brief on January 20, 1989. The Appellee has filed no reply as of this date. This court has jurisdiction pursuant to Article V, Section V of the Florida Constitution and F.S. 924.07(j) (1987).

On April 2, 1988, Fort Walton Beach Police officers arrested the defendant for the charge of Driving under the Influence. On June 13,

1988, the State brought the defendant to trial. The trial court declared a mistrial when the jury, after several jury questions, became deadlocked at 5-1 for conviction.

On September 12, 1988, the State brought the defendant to trial again. At the close of the State's case the defendant, through his attorney, moved for a judgment of acquittal. The trial court took the motion under advisement. At the close of the defendant's case the defendant, through his attorney, renewed his motion for judgment of acquittal. The trial court again took the motion under advisement. The trial court then submitted the case to the jury. The jury returned a verdict of guilty. The court then set the case for sentencing for September 30, 1988. Sentencing was continued until October 28, 1988.

On October 28, 1988, the trial court brought on for hearing a motion for new trial which the defendant filed on September 13, 1988. Upon conclusion of argument of counsel, the trial court announced its version of what the evidence showed, read into the record what it believed was controlling case law and at that time stated that it was granting defendant's motion for judgment of acquittal previously taken under advisement at the close of all the evidence. The trial court at that time discharged the defendant.

The facts of this appeal are as follows: Officers from the Fort Walton Beach Police Department discovered the Appellee in a prone position in the front seat of his vehicle. The keys to the vehicle were in the ignition and the radio was playing at a high volume. The Appellee upon being awakened and asked to perform field sobriety tests made the statement that he was drunk. Evidence at trial showed the Appellee had been out that evening with friends and had been drinking. Further, prior to the trial's commencement the defendant through his counsel made the admission that on the morning of the arrest the defendant was under the influence of alcohol to the extent that his normal faculties were impaired. The only trial issue was whether the Appellee was driving or in actual physical control of a motor vehicle.

A motion for judgment of acquittal challenges the legal sufficiency of the evidence. Where the state brings forth competent evidence to support every element of the crime, a judgment of acquittal is not proper. *Peacock v State,* 498 So.2d 545 (1st DCA 1986), citing *Newton v State,* 490 So.2d 179, 180 (1st DCA 1986). Furthermore, in moving for judgment of acquittal, the defendant admits not only the facts stated and the evidence adduced, but also admits every conclusion favorable to the state that a jury might fairly and reasonably infer from the evidence. *Peacock,* supra, citing *Fletcher v State,* 472 So.2d 537,

539 n.2 (5th DCA 1985). See also *Lynch v State,* 293 So.2d 44, 45 (Fla. 1974). A reasonable inference of actual physical control can be drawn from evidence that the keys were in the ignition, and the Appellee's presence asleep in the vehicle.

In the instant appeal, the evidence of the Appellee's keys in the ignition along with the appellee's admission, both through counsel and from the Appellee's testimony, was sufficient for a jury to conclude, (and in fact they did) that the defendant was in actual physical control of a motor vehicle while under the influence of alcoholic beverages to the extent his normal faculties were impaired. This trial court erred in granting Appellee's motion for judgment of acquittal and especially after the jury returned a guilty verdict.

The trial court's ruling on the Appellee's motion for judgment for acquittal is hereby reversed. The case is remanded to the county court with instructions to reinstate the jury verdict and impose sentence upon appellee.

ORDERED in Okaloosa County, Florida, this 13th day of April, 1989.