638 So.2d 98 (1994)
Kay L. BOYCE and Norman Robert Boyce, Jr., Appellants,
v.
STATE of Florida, Appellee.
No. 92-3166.
District Court of Appeal of Florida, Fourth District.
May 18, 1994.
Rehearing Denied July 7, 1994.
*99 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Kay L. Boyce and Norman Robert Boyce appeal their convictions for child abuse and contributing to the dependency of a minor. We affirm their convictions for contributing to the dependency of a minor and one count of child abuse, but we reverse their convictions for four counts of child abuse because the State failed to prove that any act or omission by either parent caused the child's problem or caused permanent psychological damage.
Appellants were charged by a seven-count information with child abuse and contributing to the dependency of a minor. Their daughter, R.B., was the alleged victim. Counts I and II alleged that Appellants' physical and/or verbal abuse caused R.B. to develop encopresis, a disease where a person involuntarily or deliberately soils his or her pants. Counts VI and VII alleged that Appellants' failure to have R.B. evaluated by a physician or psychologist in order to ascertain the cause of the continuing encopresis caused R.B. to suffer permanent psychological damage.
During the trial a psychologist, who did not examine R.B., testified about the physical and psychological causes of encopresis, including stress and parent-child conflicts. He testified that untreated encopresis could cause permanent psychological damage to a child.
A pediatrician who examined R.B. testified that he did not find an organic cause for R.B.'s encopresis and admitted he could not find the actual cause of the disease.
After the State rested and at the close of all the evidence, defense counsel moved for a judgment of acquittal on all counts except one child abuse count not at issue here. The trial court denied the motions and Appellants were convicted on all counts.
A motion for judgment of acquittal challenges the legal sufficiency of the evidence. Where the state has presented competent evidence to support every element of a crime, a judgment of acquittal is properly denied. Peacock v. State, 498 So.2d 545, 546 (Fla. 1st DCA 1986). In moving for a judgment of acquittal, a defendant admits all the facts and evidence adduced at trial, as well as every conclusion favorable to the State that a jury might fairly and reasonably infer therefrom. Id.
Mrs. Boyce is challenging her convictions for two counts of child abuse (Counts I and VII) under section 827.04(1), Florida Statutes (1991). Likewise, Mr. Boyce is challenging his convictions for child abuse (Counts II and VI).
The elements of child abuse relevant to the instant case include (1) willful or culpable negligence; (2) depriving a child of necessary medical treatment or inflicting physical or mental injury to the child; and (3) causing great bodily harm or permanent disability. § 827.04(1), Fla. Stat. (1991).
Here, the evidence proved that Appellants showed reckless disregard for the life of their daughter, deprived R.B. of necessary medical treatment, and inflicted physical and mental injury to the child. However, the evidence was insufficient to show that Appellants' treatment of R.B. caused the encopresis or permanent psychological damage. No expert testimony linked Appellants' mistreatment of their daughter with her encopresis problem. Although a psychologist testified regarding the rare disease and its causes, that psychologist never examined R.B. and did not testify that her parents' actions caused her to develop the disease. The pediatrician who examined R.B. admitted he could not find the actual cause of the disease. Because this evidence is not sufficient to prove the third element of child abuse, the trial court should have granted Appellants' motion for judgment *100 of acquittal. Accordingly, we reverse the trial court's judgment on counts I, II, VI, and VII and remand for resentencing consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GUNTHER, FARMER and PARIENTE, JJ., concur.