Gerber, J.
The juvenile appeals from his delinquency adjudication for burglary of a dwelling while wearing a mask. He argues the trial court erred in denying his motion for judgment of dismissal as to the burglary’s “mask” enhancement. Specifically, he argues that because he wrapped the lower part of his face in his shirt during only part of the burglary, and did not conceal his face within the home as shown by the victim’s home security video recording, or during law enforcement’s pursuit and apprehension of him, the state failed to prove that, he covered his face with his shirt in order to conceal his identity. We disagree with the juvenile’s argument. The fact that he covered his face with his shirt to conceal his identity, regardless of the length of time, is competent, substantial evidence to prove the “mask” enhancement. We affirm.
We present this opinion in three parts:
1. the state’s trial evidence;
2. the juvenile’s motion for judgment of dismissal on the “mask” enhancement and the tidal court’s ruling; and
3. our analysis.

1. The State’s Trial Evidence

The state charged the juvenile with two counts: (1) burglary of a dwelling while wearing a mask; and (2) grand theft from a dwelling.
Early one evening, the victim looked at her home security video feed on her smart-phone. She saw two young males breaking into her home through her backyard patio door. She called the police.
The police responded to the victim’s home. One officer, looking through the home’s backyard fence, saw someone trying to peek out from the home’s window. The officer also heard someone walking through the home’s backyard. The officer then saw two young males running from the home’s backyard.
One of the males got away immediately. However, the officer was able to pursue the second male (the juvenile in this case), who wore khaki shorts and no shirt. The officer yelled at the juvenile to stop. After the juvenile turned a corner, the officer lost sight of the juvenile.
Another officer accompanied by a canine joined in pursuit of the juvenile. She and her canine located the juvenile hiding between another house and a bush. The juvenile was arrested.
When the victim arrived home, she found a few items, which had been inside the home before the burglary, underneath a tree in her backyard.
Once the juvenile was in custody, the police interrogated him post-Miranda. The juvenile admitted he entered the victim’s home through a damaged screen door. He also admitted that he entered the home with the intent to steal, attempted to take some of the items found in the backyard, but ultimately left empty-handed.
The state, besides presenting the foregoing evidence, introduced the victim’s home security video recording into evidence. The following is description of the video footage.
At 18:20:56, two young males entered the backyard. The juvenile was wealing khaki shorts and a shirt. At that time, his face was not covered. After exploring the backyard, they approached the patio door. Once they opened the patio door, the juvenile removed his shirt and wrapped it around his face. They then propped open the door and entered the home.
*389 At 18:22:12 (seventy-six seconds after entry), the juvenile exited the home and removed the shirt from his face. After-wards, the two young males looked carefully around the backyard while entering and exiting the patio doorway. During this time, the juvenile had his shirt hanging around his neck, not covering his face.
At 18:28:58, the juvenile exited the home, crouched down, and again covered his face with the shirt. His face remained covered until he re-entered the home at 18:30:05 (sixty-seven seconds after covering his face with his shirt again).
At 18:31:43, the juvenile exited the house again. The shirt no longer was covering his face but instead was hanging around his neck again. For the next few minutes, the two young males exited and entered the house repeatedly.
At 18:35:38, the juvenile exited the house wearing the shirt wrapped around his face again. He continued wearing the shirt around his face for a few minutes until he re-entered the home.
At 19:00:52, the juvenile was still wearing the shirt around his face and was carrying items from the victim’s home.
At 19:01:20, the juvenile ran away.

2. The Juvenile’s Motion for Judgment of Dismissal on the “Mask” Enhancement and the Trial Court’s Ruling

Defense counsel argued that the juvenile was entitled to a judgment of dismissal on the “mask” enhancement. According to counsel:
[The state failed to show that] the shirt that was around [the juvenile’s] face, very briefly, for only a few seconds on the video, was indeed [intended] to conceal his identity. In fact the portions of the video that were put into evidence or published by the State show most of the time his face was shown ... and that the rest of his face and body was perfectly visible....
The state responded that the video showed the juvenile purposely taking off his shirt and bringing it up to or around his mouth so only his eyes could be seen. According to the state:
[The juvenile] was attempting to conceal his identity to gain entry into the home so as not to be seen once inside the home and once he established that there was no one in the home to see him, there was no reason to conceal his identity at that time, especially coupled with the fact that they later moved the camera so that none of this could hopefully be caught on video.
The trial court denied the juvenile’s motion for judgment of dismissal. The court’s detailed findings of fact are as follows:
[I]t appears to the Court that the [juvenile] did take his shirt off and put it around his face. If only for very brief amount of time, when he first went up to the sliding glass—or the porch ... area, and then later outside for a brief moment, and obviously once the [juvenile] enters into the curtilage of the home with the intent to commit an offense, he is engaged in the commission of the offense and if he is wearing a mask, even for a brief amount of time, I think it would still constitute a violation of that enhancement statute.
[[Image here]]

And this one [is] a little bit of a close call, only became it’s not apparent that the statute is designed to prohibit any kind of a time period within which the mask is being worn. But absent that kind of limitation of the statute, I find that any amount of concealment of a perpetrator[]s face during the commission of a crime would qualify under the statute with enhancement by wearing a 
*390
mask if it’s proven beyond a reasonable doubt that the perpetrator was wearing the mask, for however short [a period of time].

Here I find there’s really no other reason that the [juvenile] would take his shirt off and put it around the lower half of his face but for the intent to try to conceal his identity, for however short a period of time....
(emphasis added). The court then found the juvenile guilty of burglary of a dwelling while wearing a mask (as charged), and petit theft as a lesser included offense of grand theft from a dwelling. The court adjudicated the juvenile accordingly.
This appeal followed. The juvenile argues that because he wrapped the lower part of his face in his shirt during only part of the burglary, and did not conceal his face within the home as shown by the victim’s home security video recording, or during law enforcement’s pursuit and apprehension of him, the state failed to prove that he covered his face with his shirt in order to conceal his identity, and, accordingly, the trial court erred in denying his motion for judgment of dismissal.
The state responds that the statute’s plain language does not require an offender to successfully conceal his identity throughout the entire criminal episode.
Our review is de novo. See S.B. v. State, 31 So.3d 968, 969 (Fla. 4th DCA 2010) (“Because the standard of review that applies to motions for judgment of dismissal in a juvenile case is the same standard that applies to motions for judgment of acquittal in an adult criminal case, the juvenile court’s ruling is reviewed de novo.”).

3. Our Analysis

We agree with the state’s argument. Section 775.0845, Florida Statutes (2015), provides in pertinent part:
The felony or misdemeanor degree of any criminal offense ... shall be reclassified to the next higher degree as provided in this section if, while committing the offense, the offender was wearing a hood, mask, or other device that concealed his or her identity.
Consistent with the statute, the standard jury instruction for “Aggravation of a Felony by Wearing a Hood, Mask, or Other Device to Conceal Identity’ states:
If you find that (defendant) committed (crime charged) and you also find beyond a reasonable doubt that (defendant) was personally wearing a hood, mask, or other device that concealed [his] [her] identity, you should find (defendant) guilty of (crime charged) while wearing a device that concealed [his] [her] identity.
If you find that (defendant) committed (crime charged) but you are not convinced beyond a reasonable doubt that [he] [she] personally wore a hood, mask, or other device that concealed [his] [her] identity, then you should find the defendant guilty only of (crime charged).
Fla. Std. Jury Instr, (Crim) 3.3(e).
As seen above, neither section 775.0845 nor Standard Juxy Instruction 3.3(e) contain any requirement that a person conceal their identity throughout the entire criminal episode, or for any specific length of time, to prove that the person intended to conceal their identity. Instead, the factfin-der simply considers the totality of the evidence to determine whether the person personally wore a hood, mask, or other device to conceal their identity.
Here, the trial court, as factfinder, considered the totality of the evidence and appropriately determined that the juvenile used his shirt to conceal his identity. As the trial court observed, even if the juvenile’s use of his shirt to conceal his identity was for only “a brief amount of time,” such *391 use of his shirt to conceal his identity still violated section 775.0845.
The juvenile nevertheless argues that his identity was readily apparent on the home security video recording. According to the defendant:
If [the juvenile] had covered his face only outside the house, an inference that [the juvenile] was attempting to conceal his identity from cameras or possible witnesses from surrounding properties could be made. Likewise, if [the juvenile] covered his face only when inside the home, an inference that he was attempting to conceal his identity from cameras or residents could be made. However, [the juvenile] did neither of those things.
[[Image here]]
[Thus, the juvenile’s] actions in placing his shirt over the lower part of his face while inside and outside the home, for a total of approximately eight minutes, were insufficient to support the inference that he was doing so to conceal his identity.
We conclude the juvenile’s argument is misplaced. The fact that the home security video recording captured the juvenile removing and replacing the shirt over the lower part of his face constitutes competent, substantial evidence that he was doing so to conceal his identity. Viewing the evidence in the light most favorable to the state, the trial court, as the trier of fact, could find the existence of the “mask” enhancement beyond a reasonable doubt. See S.B., 31 So.3d at 969-70 (“When moving for a judgment of acquittal, a [juvenile] admits both the facts adduced, as well as every conclusion favorable to the State that a finder of fact could fairly and reasonably infer from the evidence. Evidence is sufficient to sustain a conviction if a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt after viewing the evidence in a light most favorable to the State.”) (internal citations omitted).

Conclusion

With the growing use of home security video technology as a crime prevention measure, it is not unreasonable to conclude that a person intending to burglarize a dwelling would wear a hood, mask, or other device to conceal their identity. The fact that a “witness” is not present to view the person wearing the hood, mask, or other device is irrelevant. The point is that the person is wearing the hood, mask, or other device to conceal their identity. See Fletcher v. State, 472 So.2d 537, 540 (Fla. 5th DCA 1985) (section 775.0845 “is aimed at criminals who employ devices either to make witnesses’ identifications of them difficult or to otherwise facilitate the commission of a crime. This may include covering up one’s face ....”) (emphasis added).
Based on the foregoing, we affirm the juvenile’s adjudication for burglary of a dwelling while wearing a mask.

Affirmed.

Ciklin, C.J., and Damoorgian, J., concur.