DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BOBBY LEE CLARK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-160

[January 24, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 502015CF009659A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant appeals from his conviction for burglary of a dwelling while wearing a hood or mask. The defendant argues, among other things, that the trial court erred when it denied his motion for judgment of acquittal on the "hood or mask" enhancement, because the evidence showed that the defendant's shirt was pulled over only the back of his head, and did not cover his face. We disagree with the defendant's argument, because under the plain language of section 775.0845, Florida Statutes (2016), it is not necessary that the hood, mask, or other device cover an offender's face. Instead, under the statute, the factfinder simply considers "if, while committing the offense, the offender was wearing a hood, mask, or other device that *concealed his or her identity*." (emphasis added). We affirm the conviction.

We present this opinion in three parts:
1. the state's trial evidence;
2. the trial court's denial of the defendant's JOA motion; and
3. our review.

# 1. The State's Trial Evidence

On the night of the incident, the victim's neighbor heard the victim's home security alarm sounding. The neighbor knew that the victim was not home because the victim was at the hospital visiting her husband. The neighbor yelled to her family about the alarm and ran outside.

Once the neighbor was outside, she heard the victim's front side door shut and saw the defendant exit from the door. The defendant had a shirt pulled over the back of his head. The shirt did not cover the defendant's face. As the defendant walked away from the victim's home, he removed the shirt from his head. The neighbor noted that the victim had a security camera positioned over the door from which the defendant exited.

As the defendant walked down the victim's driveway, the neighbor's daughter's boyfriend came up to the victim's home. The neighbor told the defendant to stop, and the boyfriend told the defendant he already was calling 911. The defendant continued walking across the street towards an apartment complex. The boyfriend followed the defendant until the defendant reached an apartment, where the defendant began banging on a door. When the door opened, the defendant went inside. The boyfriend waited outside the apartment complex until the police arrived.

When the police arrested the defendant, he had several cuts on his body. During the investigation at the victim's home, an officer found blood on shattered window glass and swabbed it for DNA testing. The DNA matched the defendant.

The victim testified that she knew the defendant because he frequently did odd jobs for her husband. However, the defendant had never been inside the victim's home and he did not have permission to enter. On the day of the burglary, the defendant came to the victim's home and asked about the victim's husband. The victim told the defendant that she was on her way to visit her husband at the hospital. Shortly after the defendant left, the victim locked her doors and went to the hospital. The victim's front window was intact when she left. After the victim was at the hospital, she received a call from her alarm company. She left the hospital and returned home. When she arrived home, she saw her front window was shattered and the window's screen was torn.

The state introduced the surveillance video from the camera located over the victim's front side door. The video shows the defendant walking away from the door with his shirt pulled over the back of his head.

## 2. *The Trial Court's Denial of the Defendants' JOA Motion*

After the state rested its case-in-chief, the defendant moved for a judgment of acquittal on the "hood or mask" enhancement. The defendant argued the state failed to present a prima facie case that the defendant wore a hood, mask, or other device to conceal his identity, because the evidence showed the defendant's face was not covered.

The trial court denied the motion. In reaching its decision, the court pointed out that the defendant used his shirt such that he would be concealed from the camera's view. According to the trial court, the camera would not have captured the defendant's face because he was walking away, but the camera would have captured the back of his head had the defendant not covered it. The trial court did not believe that the defendant's failure to conceal his face from the neighbor was a dispositive fact. The trial court further observed:

> It's what his intent is at the time that he conducts that maneuver with the shirt and I think you brought out in the case that [the maneuver] was done at the time and the location that is critical to the camera's eye. In other words, where the camera was located. Because certainly when he got away from the camera, he took [the shirt] down.

At the close of all evidence, the defendant renewed his motion for judgment of acquittal on the "hood or mask" enhancement, based upon the same argument he made earlier.

The trial court denied the motion, reasoning as follows:

> So if we look at the enhancement statute, of course it makes no reference to covering the face. So that's not required. . . . [T]he Fifth District [in *Fletcher v. State*, 472 So. 2d 537 (Fla. 5th DCA 1985)]. . . used some language which is helpful to me here. ["T]he statute is[] aimed at criminals who employ devices either to make witnesses' identifications of them difficult or to otherwise facilitate the commission of a crime. This may include covering up one's face[;] [or] altering one's appearance by disguise or costume.["] *Id.* at 540. So is it a concealment that is used to facilitate the commission of the crime. And then [in footnote 4] they talk about concealment which, of course,

is the operative term, and they go to Webster's dictionary . . . it's ["]to prevent disclosure or recognition [of:] avoid revelation [of:] refrain from revealing[:] withhold knowledge [of:] draw attention from[: treat] as to be so unnoticed . . ."] and here, ["]to place out of sight[:] withdraw from being observed[:] shield from vision or notice.["] *Id.* at 540 n.4.] To shield from vision or notice. And that is the definition of conceal and it's a broad definition.

So let's look at the facts of this case with those concepts in mind. First, [the defendant] is absolutely known to the homeowners. . . . But at the same time, that familiarity is the reason why [the defendant] can't be seen on the video, even his features, as he is leaving the house. So people are recognized who know each other by many things . . . . It doesn't have to be your face. It can be your gait. It can be your voice. It can be the top of your head. In this case, [the defendant] . . . is bald and there are many features about his physical make-up that a person who knew him well could readily recognize if it was seen on a video. . . . So in order for [the defendant] to hide or conceal from view physical features of himself from those people, he decided that he needed to cover his head. . . .

So the *Fletcher* case is very instructive in that regard. It doesn't have to be your face. It can be covering certain physical items of you that make it apparent to who you are . . . but in this case it's the covering of his head and the covering of, you know, ears, backs of the head, things of that nature, that someone could easily recognize. So . . . I do find that the government has made not only a prima facie case, but that a jury, a reasonable finder of fact, could find that when [the defendant] . . . is putting the shirt over the top of his head for that moment while he was under the camera view as he was leaving the house, that he did so with the intent to conceal his identity from people who otherwise would have known who he was. And therefore . . . I am denying the motion for judgment of acquittal on that enhancement ground.

### 3. *Our Review*

This appeal followed. The defendant argues that the trial court erred when it denied his motion for judgment of acquittal on the "hood or mask"

enhancement, because the evidence showed that the defendant's shirt was pulled over only the back of his head and did not cover his face.

Our standard of review was set forth in *Pagan v. State*, 830 So. 2d 792 (Fla. 2002):

> In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.

*Id.* at 803 (internal citations omitted).

Section 775.0845, Florida Statutes (2016), states, in pertinent part:

> The felony or misdemeanor degree of any criminal offense . . . shall be reclassified to the next higher degree as provided in this section if, while committing the offense, the offender was wearing a hood, mask, or other device that *concealed his or her identity*.

(emphasis added).

"[T]he statute is aimed at criminals who employ devices either to make witnesses' identifications of them difficult or to otherwise facilitate the commission of a crime. This *may* include covering up one's face; *or* altering one's appearance by disguise or costume." *Fletcher v. State*, 472 So. 2d 537, 540 (Fla. 5th DCA 1985) (emphasis added). The statute does not require that the offender be successful in his or her attempt to avoid identification through use of a mask, hood, or device. *See generally L.D.H. v. State*, 212 So. 3d 387, 390-91 (Fla. 4th DCA 2017) (juvenile violated section 775.0845 even though juvenile used his shirt to cover his face for only a brief amount of time). "Instead, the factfinder simply considers the totality of the evidence to determine whether the person personally wore a hood, mask, or other device to conceal their identity." *Id.* at 390.

Here, the defendant pulled a shirt over the back of his head as he walked away from the victim's home, under the view of the victim's surveillance camera. Viewing this evidence in the light most favorable to the state, it is reasonable to conclude that the defendant took this action to conceal his

identity.  As the trial court observed, many ways exist to identify an offender, particularly when the offender is known to a witness.   Here, the victim personally knew the defendant because the defendant helped the victim's husband with odd jobs around their home.  The defendant, likely knowing the surveillance camera's location from his earlier visits to the home, attempted to cover the only area of his body which would be visible in the camera's view – the back of his head.   As the trial court observed, a person like the victim who knew him well could readily recognize him on a video.   So the defendant, in order to conceal his identity from the victim, used his shirt to cover the back of his head.  Such action constitutes competent, substantial evidence that the defendant violated section 775.0845.

## *Conclusion*

As we noted in *L.D.H.*, "With the growing use of home security video technology as a crime prevention measure, it is not unreasonable to conclude that a person intending to burglarize a dwelling would wear a hood, mask, or other device to conceal their identity." 212 So. 3d at 391. That appears to have been the case again here.  Based on the foregoing, we affirm the trial court's denial of the defendant's motion for judgment of acquittal.   On the defendant's other two arguments, we affirm without further discussion.

*Affirmed.*

CIKLIN and LEVINE, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

6